# BROWN v. SMART.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 163. Submitted January 18, 1892. — Decided May 16, 1892.

An insolvent law of a State, providing that any conveyance of property within the State, made by a citizen of the State, being insolvent, within four months before the commencement of proceedings in insolvency, and containing preferences, shall be void, and shall be a cause for adjudging him insolvent and appointing an assignee to take and distribute his property, does not, as applied to a case in which the preferred creditors are citizens of other States, impair any right of the debtor under the Constitution of the United States; and such an adjudication, though made without notice to such creditors, and declaring void the conveyance made for their benefit, cannot, upon its affirmance by the highest court of the State, be reviewed by this court on a writ of error sued out by the debtor only.

THIS was a petition to the court of common pleas of Baltimore City, for an adjudication of insolvency, and the setting aside of an unlawful preference, under the insolvent act of the State of Maryland, which enacts that any conveyance containing preferences (with exceptions not material to this case) by a merchant or trader, being insolvent, shall be unlawful and void, and shall be deemed an act of insolvency, provided a petition in insolvency shall be filed by any creditor within four months afterwards; and that, upon such petition alleging the facts, and upon notice to the debtor, and proof of the allegations, an adjudication shall be made by the court that the debtor is insolvent, and thereupon his right and power to dispose of any part of his property shall cease, and, as soon as a trustee to manage and distribute his estate shall have been appointed by the court and shall have given bond, the whole property of the insolvent shall be divested out of him and be vested in the trustee. Maryland Code of Public General Laws of 1860, art. 48, as amended by Stats. 1880, c. 172, §§ 13, 23, 24, and 1886, c. 298; Code of 1888, art. 47, §§ 14, 22, 23.

This petition was filed December 8, 1887, by Theodore B. Smart and others, partners, and creditors in the sum of $600 of Solomon Brown, a merchant of Baltimore; and prayed the

court to adjudicate Brown an insolvent debtor, to appoint a trustee, and to decree fraudulent and void a conveyance made by him, being insolvent, on November 30, 1887, of all his property, including his stock of goods in his store in Baltimore, and all his debts, accounts and choses in action, to Isaac Eichberg of Alexandria, in the State of Virginia, preferring certain of his creditors, citizens of other States, whose debts were for money lent at various times from December 29, 1886, to September 30, 1887, under contracts made and to be performed in those States, and who were preferred in consideration of their agreement, expressed in the conveyance, to accept the provisions thereof in full satisfaction of their debts, and to acquit and discharge him of any part of those debts remaining unsatisfied out of the proceeds of the property conveyed. The petition prayed for a subpœna to Brown, to Eichberg and to each of the preferred creditors.

Brown alone was served with a subpœna, and appeared, and admitted the facts alleged in the petition and above stated; but denied that the conveyance created an unlawful preference, because all the creditors preferred therein resided out of the State of Maryland, and were creditors on contracts made and to be performed out of the State, and had agreed to accept the provisions of the conveyance in full satisfaction of their debts; and also denied that the court had any jurisdiction to decide upon the validity and effect of the conveyance, and especially because the court had acquired no jurisdiction of the trustee or of the creditors named therein.

The court overruled both defences, and entered an order adjudicating Brown to be an insolvent, declaring void the conveyance by him to Eichberg, and appointing a trustee to take possession of all his property.

Brown appealed to the Court of Appeals of Maryland, which affirmed the order. 69 Maryland, 320. Brown then sued out this writ of error.

*Mr. Charles Marshall* for plaintiff in error.

If the Insolvent Law of Maryland, as expounded by the Court of Appeals of that State, warrants the judgment in

this case, declaring the deed of trust from Brown to Eichberg to be void, neither Eichberg the trustee nor the foreign credi -tors secured by the deed being parties, and it not being possible to make them parties to this suit, it is submitted that it comes in collision to that extent with the Constitution of the United States. 14th Amendment, section 1.

The court will also observe that the insolvent law itself, section 24, contains a provision that when a deed is made by any person belonging to any of the classes mentioned in section 14, when insolvent or in contemplation of insolvency "the same shall be *prima facie* intended to hinder, delay and defraud the creditors of the person by whom the same is made, and the burden of proof shall rest upon him and the grantee to explain the same, and show the *bona fides* thereof."

Now, this section evidently contemplates that the grantee shall have an opportunity to be heard in defence of his rights, and yet the law contains no provision for notice to him of any kind, and if it did, it is not pretended that he, if a citizen of another State, could be legally required to submit himself to the jurisdiction of the insolvent court of Maryland.

Yet, by the judgment of the Court of Appeals in this case, that law warrants the insolvent court in pronouncing upon the rights of the grantee in his absence, and in the absence of power to make him a party to the proceeding in insolvency.

If the law is void as thus expounded, because repugnant to the Fourteenth Amendment of the Constitution of the United States, any judgment enforcing such a law is void as to all parties affected by it, including the plaintiff in error in this case.

It is respectfully submitted that the insolvent law of Maryland, so far as it is held to warrant such a judgment as that complained of here, attempts to do what no State can do. In the language of this court in *Cook* v. *Moffatt*, 5 How. 295, the State of Maryland has attempted to "inflict her bankrupt laws on contracts and persons not within her limits," and to do that, has by her law, as expounded by the Court of Appeals, made provision for adjudicating upon the rights of persons who neither are nor can be brought within her jurisdic-

tion. As expounded by the Court of Appeals, the law is an attempt on the part of the State to exercise powers that belong to Congress only.

*Mr. M. R. Walter* and *Mr. Charles A. Boston* for defendants in error.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The principles which underlie this case are clearly established by the decisions of this court. So long as there is no national bankrupt act, each State has full authority to pass insolvent laws binding persons and property within its jurisdiction, provided it does not impair the obligation of existing contracts; but a State cannot by such a law discharge one of its own citizens from his contracts with citizens of other States, though made after the passage of the law, unless they voluntarily become parties to the proceedings in insolvency. *Sturges* v. *Crowninshield,* 4 Wheat. 122; *Ogden* v. *Saunders,* 12 Wheat. 213; *Baldwin* v. *Hale,* 1 Wall. 223; *Gilman* v. *Lockwood,* 4 Wall. 409. Yet each State, so long as it does not impair the obligation of any contract, has the power by general laws to regulate the conveyance and disposition of all property, personal or real, within its limits and jurisdiction. *Smith* v. *Union Bank,* 5 Pet. 518, 526; *Crapo* v. *Kelly,* 16 Wall. 610, 630; *Denny* v. *Bennett,* 128 U. S. 489, 498; *Walworth* v. *Harris,* 129 U. S. 355; *Geilinger* v. *Philippi,* 133 U. S. 246, 257; *Pullman's Car Co.* v. *Pennsylvania,* 141 U. S. 18, 22. In *Denny* v. *Bennett,* above cited, the law upon this subject was well summed up by Mr. Justice Miller, speaking for the court, as follows: "The objection to the extraterritorial operation of a state insolvent law is that it cannot, like the bankrupt law passed by Congress under its constitutional grant of power, release all debtors from the obligation of the debt. The authority to deal with the property of the debtor within the State, so far as it does not impair the obligation of contracts, is conceded."

A provision of the insolvent law of a State, that all conveyances, by way of preference, of any property within its borders, made by a citizen of the State, being insolvent, and within four months before the commencement of proceedings in insolvency, shall be void, is a usual and a valid exercise of the power of the State over property within its jurisdiction, as to all such conveyances made after the passage of the law, whether to its own citizens or to citizens of other States.

. But even if it should be held that such a law could not invalidate such a conveyance so far as citizens of other States are concerned, it is clearly valid so far as it makes the conveyance an act of insolvency, sufficient to support an adjudication of insolvency, and the appointment of a trustee or assignee to take and distribute among creditors any property which may lawfully come to his possession. The State might enact that conveyances preferring particular creditors, if made in good fai should be valid so far as concerned them, and yet provide that, so far as the debtor was concerned, the preference showed such a disregard of the rights of other creditors as would justify adjudging the debtor to be insolvent, and appointing a trustee or assignee to take possession of and distribute any property not included in the conveyance.

In the case before us the only plaintiff in error is the insolvent himself. The position taken by him in the court below, but not argued in this court, that the obligation of a contract with him has been unconstitutionally impaired, is clearly untenable, because the statute of the State was in existence when the contract was made, and the subsequent decision of the Court of Appeals was not a law, within the meaning of the provision of the Constitution which declares that no State shall pass any law impairing the obligation of contracts. *New Orleans Waterworks* v. *Louisiana Co.*, 125 U. S. 18.

The only provision of the Constitution of the United States, now relied on by the plaintiff in error, is the first section of the Fourteenth Amendment, which forbids any State to deprive any person of property without due process of law. But the plaintiff in error has been deprived of no right by the judgment below. There is no doubt of the validity of that judg-

ment, so far as it adjudged him to be an insolvent and appointed an assignee to take possession of his property; and in any view he has no title or right in the property which was the subject of the conveyance in trust. If that conveyance was valid, the property belongs to the trustee for the benefit of the creditors named therein. If it was invalid, the property vested in the assignee in insolvency.

Whether the judgment below was ineffectual as against the trustee or the creditors named in the conveyance, either for want of notice or because the conveyance to them could not be set aside, or whether, on the other hand, that judgment was valid against them, because rendered in a proceeding *in rem* of which they were bound to take notice, is a question which could be presented by them only, and they are not parties to this writ of error. The plaintiff in error cannot invoke the judgment of this court upon the rights of persons under whom he does not claim. *Long* v. *Converse*, 91 U. S. 105; *Ludeling* v. *Chaffe*, 143 U. S. 301, 305.

*Judgment affirmed.*