Hillsborough,
March 2, 1937.

BERTHA BOSSE *v.* WOLVERINE INSURANCE CO.

*Sullivan & Sullivan* (*Mr. Thomas E. Dolan* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendant.

ALLEN, C. J.   The issue now presented was not before the court in the former transfer of the case (*Bosse* v. *Insurance Co, ante,* 98). It was then assumed without discussion that there was a litigable issue of fact, and the main contention was whether the defendant had had a fair trial of the issue.   It did not appear that the policy was a "motor vehicle policy" specially regulated by statute (Laws 1927, *c.* 54), and it was not suggested that any construction of the act in its effect upon the policy was involved.   The claim that the decision rested in part upon a ruling that the defence now sought to be made was a legally valid one, if sustained, would lead to a result of a declaration of the law with no judicial consideration.

The policy contains a clause for its avoidance if the insured conceals or misrepresents any material fact concerning the insurance or makes any attempt to defraud the insurer either before or after any loss.   The inquiry determinative of the plaintiff's right to recover is whether the clause has any effect except as between the insurer and insured.   Avoidance as to the insured may not disturb the insurer's obligations to others which a statutory policy imposes.   There being such a policy, the statutory regulations for it may not be altered or modified by terms of the policy in conflict with them.   And the terms are to be read to conform with the statute if they reasonably may be.

The policy was issued under the above cited act.   One clause of the act (*s.* 6, III) provides that "No statement made by the insured . . . and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery . . . ."   By another clause (*s.* 6, I) the insurer's liability "shall become absolute whenever loss or damage covered" by its policy occurs, and the insurer is liable to the amount of the policy to one obtaining judgment against the insured upon a liability if the policy furnished insurance therefor "at the accrual of the cause of action."

By section 6 the Insurance Commissioner is to approve a form of policy which is to contain as one of its terms an agreement that insurance is provided "in accordance with and subject to the provisions" of the act.   It does not appear here whether the policy sued upon had the commissioner's approval as to its form, and it is not material.   Any term not prescribed by the act or not within the commissioner's authority to approve or not in fact approved by him

is to be rejected in determining the relations between the insurer and those to whom the insured may be under liability. The policy does not control, but is controlled by, the terms of the act. The question here is of construction of a provision of the act, and if the construction for which the defendant contends were upheld, the term of the policy on which it relies would be merely a declaration of the statutory intent.

The defendant's position is that the act is to be construed in the light of common-law principles, and that the avoiding effect of fraud is within the legislative contemplation, whether the insured or his judgment creditor perpetrated the fraud.

It is argued that the plaintiff's judgment is tainted by the fraud. In this the defendant is confronted with an insurmountable difficulty. The judgment is in force and the act has no bearing upon its validity. In all elemental respects the defendant is a party privy to it. By its policy it indemnified the insured for his liability for the accident, with the right to represent him in defence of the action in which the judgment has been rendered, and by the act, upon recovery of a final judgment "the judgment creditor shall be entitled to have the insurance money applied" to its satisfaction (s. 6). If the judgment was fraudulently obtained, the defendant's right to have it set aside existed according to common law which the act did not change or modify. But the judgment may be attacked, not collaterally, but only directly by a defeated party or his privy. And here, so far as the defendant seeks relief on the ground that the fraud produced or helped to produce the judgment, it would circumvent the rule against collateral attack to grant the relief. The judgment is open to attack if fraud inheres in it, but the attack must be by the remedial procedure of seeking its vacation. While the insured is barred from questioning it by reason of his fraud in its procurement, the bar does not apply to the insurer, who has assumed obligation only in respect to a judgment duly obtained. But the insurer is a party privy to it, and not a stranger. It has the right of any defeated party to contest the validity of a judgment. Its claim is, not of avoidance of the policy, but that the judgment was not a proper one to establish its liability. And except by direct proceeding to have the judgment vacated, it may not plead the fraud invalidating the judgment. The plaintiff's innocence of the fraud is immaterial. Satisfaction of the judgment would make her a beneficiary of the fraud, and she may profit no more by another's fraud than by her own. But finality of the judgment disposes of the charge of fraud in producing it.

In respect to the claim of an avoidance of the policy unrelated to the judgment but operating to release the insurer from liability for the accident, the legislative policy is to protect the injured person from loss of his benefit of the insurance. The plan of the act to furnish indemnity to the insured and protection for those to whom he may become liable is paramount. "The purpose of chapter 54 is simply to induce motor-vehicle operators to furnish security to persons injured by their negligence." *American Mutual &c. Co.* v. *Company*, 87 N. H. 374, 378.

Insurance existing, conduct of the insured was not to affect the rights of those to whom the insured became liable. The relation between them and the insurer is regulated by the act and is distinct and separate from that between the insurer and the insured. The policy as a contract of indemnity is the insurer's guaranty to answer for the liability insured within the amount of the policy. The act seeks to prevent a loss of the guaranty through matters which may avoid the policy as to the insured. What is said in *Maryland Casualty Co.* v. *Martin, ante*, 346, respecting the effect of a Massachusetts indemnity policy applies equally to one under the local act.

The act is unqualified in its provision that conduct of the insured avoiding the policy as to him shall not avoid it as to those to whom he is under insured liability. So far as they are concerned, the character of the insured's conduct of avoidance is not a factor. Not taking part in it, they are unaffected by it. Obtaining a valid and final judgment against the insured upon the liability, they are "entitled to have the insurance money applied" to its satisfaction, as the act explicitly states.

An intent on the part of the legislature to countenance fraud is not found. It is asserted that the insured's fraudulent conduct of avoidance inures to the benefit of his judgment-creditor. The assertion is not tenable. So long as the judgment stands, it meets the charge that fraud inheres in it. The plaintiff, holding an unimpeached judgment, does not benefit from the fraud. If the policy were forfeited as to her for a matter of avoidance not affecting the validity of the judgment, she would be an innocent sufferer through the loss of insurance by a third person's act. It may therefore fairly be said that the legislation protects against fraud rather than promotes or overlooks it. At least the injustice of loss of security through another's independent conduct is thereby obviated. The insurer's obligation to the judgment-creditor of the insured is in full analogy with that created by fire insurance policies in favor of a mortgagee

444

of the insured property when they provide that their forfeiture by reason of acts and defaults of the mortgagor shall not adversely affect the mortgagee.

The insurer, having assumed a liability to the plaintiff, has not been discharged therefrom. By force of the act the insurance, upon the occurrence of the event for which the insured became liable to her, created a direct relation between her and the insurer. She stands in her own right, and not in that of the insured. The act defining the rights and duties of the relation, the insurer does business pursuant to them.

*Exceptions overruled.*

BRANCH, J., did not sit: the others concurred.