THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ L. SOTO, ETC., ET AL., Defendants; and RAMÓN RODRÍGUEZ BABILONIA, Defendant and Appellant.

No. 7223. Argued April 15, 1937.—Decided April 20, 1937.

*Luis Ríos Algarín* for appellant.  B. *Fernández García, Attorney General,* and *Harry B. Llenza, Law Clerk, Homestead Division,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The People of Puerto Rico, represented by the Commissioner of the Interior, on November 23, 1929, leased to the spouses Plácido Martínez and Carmen C. de Martínez a lot situated in the Barrio Obrero of San Juan.  The lessees erected a concrete building on the lot, valued at one thousand dollars and used as a dwelling house.

The contract of lease was executed in accordance with the provisions of section 6, subdivision (*e*), of Act No. 53 of July 11, 1921 (Session Laws, p. 386), as amended by Act No. 60 of April 30, 1928 (Session Laws, p. 466), which provides:

"(*e*) That the lots of land assigned to applicants under this Act, and all buildings erected thereon, shall never be subject to attachment, mortgage, or other encumbrance of any form whatsoever, and shall be disposed of or inherited only in accordance with the provisions of this Act; *Provided,* That this section shall not be applicable to any attachment or sale made to enforce the payment of taxes or of rental due."

On February 10, 1934, the Martínez spouses constituted a mortgage on the house, in favor of defendant Ramón Rodríguez Babilonia, to secure the sum of $160 and an additional credit of $40 in case of foreclosure.  The mortgage creditor filed a complaint before the Municipal Court of San Juan to foreclose the said mortgage.  The public sale of the house was advertised for October 8, 1935, and the People of Puerto Rico applied to the District Court of San Juan for a writ of injunction to restrain the public sale and stay the foreclosure proceeding.

The petition for injunction was based on the alleged nullity of the mortgage and of the attachment levied by the marshal of the municipal court; and on the allegation that the public sale would give rise to a multiplicity of suits.

After a restraining order had been issued against the defendants, and the latter had been summoned to show cause why the injunction requested should not be issued, the defendant Ramón Rodríguez Babilonia appeared and specifically denied, for lack of information, the essential facts of the petition. He also filed a motion to have subdivision (e) of section 6, *supra*, declared void as being unconstitutional and contrary to the provisions of paragraph 5 of section 2 of the Organic Act of Puerto Rico, "because said legal provision impairs the obligation of contracts and the liberty of contract guaranteed by our Organic Act and by the Constitution of the United States of America."

Pursuant to a stipulation of the parties, wherein defendant admitted the facts alleged in the complaint, the case was submitted to the lower court for decision as to the question raised concerning the constitutionality of said statute.

On November 18, 1935, the district court issued the preliminary injunction, declaring that the legal provision attacked was constitutional. Thereupon the defendant Ramón Rodríguez Babilonia took the present appeal.

The fundamental purpose of Article 1, section 10, clause 1 of the Federal Constitution, and of paragraph 5 of section 2 of the Organic Act of Puerto Rico, in prohibiting the passing of laws impairing the obligations of contracts, is to protect contracting parties, who have agreed as to their mutual obligations under the law in force at the time of the execution of the contract, from the retroactive effect which by legislative provision or by judicial interpretation might be given or sought to be given to a law enacted subsequently to the date of the execution of the contract.

The act, the constitutionality of which is here involved, was approved on July 11, 1921, and amended on April 30,

1928. The lot belonging to the People of Puerto Rico was ceded to Plácido Martínez in November 1929, under the conditions specified in section 6, subdivision (*e*), *supra*. That was the law in force and binding upon the contracting parties at the time the latter executed the contract of mortgage on February 10, 1934, the obligations of which it is claimed have been impaired by said law. When the mortgage was executed, the defendant Ramón Rodríguez Babilonia knew, because the law in effect and the title of his debtor so provided, that the latter had no right to mortgage the lot nor the buildings thereon. The contract of mortgage was void from the moment it was made, for it was executed in violation of a statute which was already in force. The contention that said statute impaired the obligations of the mortgage contract is without merit. In order that a law may be declared unconstitutional on the ground that the same impairs the obligation of contracts, it is an indispensable requisite that the same should have been approved subsequently to the date of the contract and that it should be sought to be applied retrospectively. In the case submitted to our consideration, these requisites have not been complied with. See *Denny* v. *Bennett,* 128 U.S. 489; *Brown* v. *Smart,* 145 U.S. 454; *Diamond Glue Co.* v. *United States Glue Co.,* 187 U.S. 611; *Blackstone* v. *Miller,* 188 U.S. 189; *Cross Lake Club* v. *Louisiana,* 224 U.S. 632; *Shawnee Sewerage & Drainage Co.* v. *Stearns,* 220 U.S. 462; *Detroit United Ry.* v. *Michigan,* 242 U.S. 238.

██ Appellant further claims that the law violates the constitutional right of every citizen to freely dispose of his property; that it is a law creating privileges, for it only refers to persons who have their homesteads on lots owned by the People of Puerto Rico; and lastly, that it is immoral, because it enables the owner of such homestead to borrow money, with the certainty that his property can not be foreclosed to satisfy the indebtedness.

The cases cited in appellant's brief are not applicable to the one at bar. The cited decisions hold that the legislature of a state can not prohibit the owner of a homestead to assign or voluntarily mortgage the same, even though it may prohibit the forced sale of the immovable. In those cases, the person who mortgaged or sold the immovable was the absolute owner of the same, and his title of acquisition did not contain any clauses or stipulations restricting his right to dispose freely of the immovable or to mortgage the same. The instant case presents an entirely different situation.

The Legislature of Puerto Rico, in the exercise of its power to "enact laws for the protection of the lives, health, or safety of employees," expressly granted by section 2, paragraph 10, of the Organic Act, approved in 1921, Act No. 53 (Session Laws, p. 386), the principal object of which was the organization and support of a ward (*barrio*) for laborers in the Capital, where the families of employees and workmen could establish their homes, protected against the changes of fortune and the ambitions of money lenders. To that purpose, the People of Puerto Rico dedicated the public land on which the Barrio Obrero of San Juan is located and is developing. The People of Puerto Rico reserved the ownership of the lots and granted to the settlers the right of usufruct of the same for life. And in order to guarantee to the grantees the use and enjoyment of the lot and of the house constructed thereon, the law provided that neither the lot nor the house could be attached, mortgaged, or otherwise encumbered. The grantees accepted said restriction imposed by the law which formed part of their contract with the Government; and under these conditions the house the object of this suit was built.

It is not the grantee who now appears before us to claim and defend his right to contract freely. The money lender is the one who invokes said right.

The appellant can not claim surprise or ignorance of the limitations existing in the title of the debtor. He contracted with him with knowledge that the law and his contract with the Government prohibited the constitution of a mortgage lien on the home of the family of the workman Plácido Martínez.

The restrictions imposed by law and by the grant of the lot are, in our judgment, just, reasonable, and absolutely necessary for the success and existence of the workmen's ward of San Juan. And the effect of the declaration of nullity requested would be to oust numerous families, now living in their own homes, and to make of the workmen's ward a field of exploitation of said families, compelling them to become tenants of the money lenders.

The contention that the law is immoral because it permits the contract for a loan and prohibits a mortgage to secure the same, is erroneous. One who loans money to the owner of a house built on lots of the workmen's ward, under the conditions of the instant case, does so with knowledge that the debtor can not give him a mortgage security. He can not, then, claim surprise if the nullity of his security is declared. The obligation to return the amount of the loan subsists. What does not exist nor has ever existed is the mortgage sought to be foreclosed.

The order appealed from must be affirmed.