THE PEOPLE OF THE STATE OF NEW YORK ex rel. BUFFALO AND FORT ERIE PUBLIC BRIDGE AUTHORITY, Relator, *v.* JACOB L. DAVIS and Others, as Assessors of the City of Buffalo, Defendants.

Supreme Court, Erie County, June 2, 1937.

*Wilcox · & Van Allen* [*Selby G. Smith* of counsel] and *John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General,* of counsel], for the relator.

*Gregory U. Harmon, Corporation Counsel* [*Herbert A. Hickman, Assistant Corporation Counsel, Carlos C. Alden* and *Frank G. Raichle* of counsel], for the defendants.

*Locke, Babcock, Hollister & Brown* [*L. L. Babcock* of counsel], for the Manufacturers and Traders Trust Company and Lynn B. Spencer, trustees.

HINKLEY, J. This is the return to an order of certiorari to review and cancel an assessment made by defendants upon such real property of the relator as lies within the city of Buffalo.

No testimony was taken upon this hearing. There are no statements of fact in the petition controverted by the return and the decision herein calls only for a determination of questions of law. The order in which the legal questions are raised in the briefs of counsel will not be followed by the court. It is self-evident that the determination of certain questions may eliminate the necessity for answering others.

The defendants suggest that the relator should have proceeded by order of mandamus and not by certiorari. On the contrary, certiorari is the proper proceeding to review and cancel an illegal assessment. The relator does not seek action by the defendants nor question their right to act as assessors. Relator does claim that the defendants acted illegally and wrongfully in violation of the statute in assessing relator's real property. " It [Laws of 1880, chap. 269, now chap. 60 of the Consolidated Laws, known as the Tax Law] applies only to cases where there is a valid assessment roll in which some person has for some reason been illegally assessed, or where the assessment is excessive or unjust." (*Van Deventer* v. *Long Island City*, 139 N. Y. 133, at·p. 137, citing *People ex rel. D. & H. C. Co.* v. *Parker*, 117 id. 86; Tax Law, §§ 290 and 291; *National Bank of Chemung* v. *City of Elmira*, 53 id. 49; *People ex rel. Powder Co.* v. *Feitner*, 41 App. Div. 544; *People ex rel. Nash* v. *Loughman*, 220 id. 549, 551.)

The defendants occupy a unique position by reason of their arbitrary and unreasonable conduct. By definite unequivocal language the Legislature of the State has declared that relator's property shall be exempt from taxes and assessments by the State of New York or any municipality or municipal subdivision thereof and the bonds shall be exempt from taxation except for transfer, estate and inheritance taxes (Laws of 1933, chap. 824, § 23). In the face of that statute, the defendants placed upon the assessment

roll of the city of Buffalo for taxation the real property of the relator situated within the city. The defendants came into being as assessors of the city of Buffalo by the grace of the legislative body whose mandate they have openly disobeyed. Whatever powers are possessed by defendants are delegated powers by the State Legislature. It seems axiomatic that the defendants, as assessors, have never been emancipated by the Legislature which constituted them municipal officers but always have been and now are at all times subject to the superior control and direction of the State body. " The Legislature may delegate to a municipality the power to tax for the expenses of the local government, and the power to assess for the expenses of local improvements." (*Matter of Zborowski*, 68 N. Y. 88, 96, 97.) " The power of taxation * * * is vested in the Legislature and is practically absolute, except as restrained by constitutional limitations. The power of taxation being legislative, all the incidents are within the control of the Legislature. The purposes for which a tax shall be levied; the extent of taxation; the apportionment of the tax; *upon what property* or class of persons *the tax shall operate;* whether the tax shall be general or limited to a particular locality, and in the latter case, the fixing of a district of assessment; the method of collection, and whether the tax shall be a charge upon both person and property, or only on the land, *are matters within the discretion of the Legislature and in respect to which its determination is final.*" (*Genet* v. *City of Brooklyn*, 99 N. Y. 296, 306, 307.) " Though the power to determine the incidence of an assessment for benefit is part of the taxing power of the State * * * and the exercise of that power, under delegation from the Legislature, constitutes legislative action and as such is not subject to review by the court * * * yet such action by the board of estimate and apportionment is void whenever it transcends the powers which have been delegated to it." (*Matter of Long Island R. R. Co.* v. *Hylan*, 240 N. Y. 199, 204, 205.)

The placing of the real property of relator upon the assessment roll of the city of Buffalo in violation of a statute which specifically exempts it was an illegal, unlawful act and the assessment is void.

The relator, Buffalo and Fort Erie Public Bridge Authority, came into being by virtue of chapter 824 of the Laws of 1933. In the light of the plain, concise and unequivocal language of section 23 of the statute which exempts relator's property from taxation the sole excuse for defendants' act in violation thereof must of necessity be based upon a claim that the law, both in its entirety and in certain portions, is violative of the Constitution of the State of New York.

Defendants claim that the entire law is in violation of section 4 of article 4 of the Constitution of the State of New York in that the subject was acted upon without the recommendation of the Governor.

Defendants also claim that the law in question violates paragraph 12 of section 18 of article 3 of the State Constitution in that it is a local and private bill which grants to a corporation an exemption from taxation on real property.

Defendants also claim that the law in question violates section 16 of article 3 of the State Constitution in that it is a local and private bill which embraces more than one subject and that shall be expressed in the title.

There is perhaps no better established principle of law than that the constitutionality of a statute may be attacked only by one whose rights have been affected by the operation of the statute. (12 C. J., Constitutional Law, § 177, p. 760; *Brown* v. *Smart*, 145 U. S. 454, 459; *Walsh* v. *Columbus, etc., R. R. Co.*, 176 id. 469; *Smiley* v. *Kansas*, 196 id. 457; *Stewart* v. *Kansas City*, 239 id. 14; *People* v. *Booth*, 32 N. Y. 397; *People* v. *Lowe*, 117 id. 175, 191; *People* v. *Turner*, Id. 227; *Matter of Keeney*, 194 id. 281; affd., 222 U. S. 525; *Matter of Lent*, 47 App. Div. 349, 357; *Board of Education* v. *Board of Education*, 76 id. 355; *Duffy* v. *Shirden*, 139 id. 755, 757; *Marvin Realty Co.* v. *Barre*, 142 id. 4; *Vroman* v. *Fish*, 181 id. 502, 509; *People ex rel. Lewis* v. *Graves*, 219 id. 233, 235; *People ex rel. Ferris* v. *Horton*, 239 id. 610, 612; *Haag* v. *City of New York*, 222 N. Y. Supp. 682.)

There can be no successful contention that the defendants have any personal or property interest in the constitutionality of the law in question nor that the statute invades their property rights. By the statute they are not required to perform an illegal act but are forbidden to place upon the assessment rolls of the city as taxable the real property of the relator which is within the limits of the city of Buffalo. Having no personal or property interest in the constitutionality of the law, they cannot avail themselves of that plea in justification of their illegal act. It follows that relator is entitled to the relief sought. In the light of this decision other questions presented upon this proceeding are immaterial.

Order granted striking the assessment of relator's real property from the assessment roll of the city of Buffalo.