KEYSTONE MUTUAL CASUALTY COMPANY OF PITTSBURGH, PA., *v.* JOHN N. HINDS, FOR HIS OWN USE AND FOR USE OF INSURANCE COMPANY OF NORTH AMERICA

[No. 35, April Term, 1942.]

*Decided June 17, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, FORSYTHE, and MARBURY, JJ.

*Charles T. LeViness* for the appellant.

*Paul Berman,* with whom were *Frank F. Daily, Eugene A. Alexander, III,* and *G. Dudley Iverson, IV,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This case calls for a construction of that section of the Motor Vehicle Financial Resposibility Law of Maryland, which requires liability insurance for commercial motor vehicles. Acts of 1933, Chap. 591; Acts of 1935, Chap. 379; Acts of 1939, Chap. 236; Code, 1939, Art. 56, Sec. 182.

In 1941 John N. Hinds recovered a judgment for the sum of $5,000 in the Superior Court of Baltimore City against Henry Waters, a Negro laborer and trucker, now deceased, for personal injuries and damages sustained on the night of June 24, 1939, when his automobile was struck by a Chevrolet truck negligently operated by the owner's son, John E. Waters, on Eastern Avenue Road near Bengies in this State. Hinds thereupon entered suit against Keystone Mutual Casualty Company, a corporation with home office in Pittsburgh, the insurer for the truck, and recovered judgment for $5,000. From that judgment the casualty company appeals.

The policy agreed to insure up to $5,000 for death or bodily injuries of one·person and up to $10,000 for more than one person, and also for damage to property up to $5,000. The appellant based its defense on two of the exclusions in the policy: (1) That it did not cover the motor vehicle while driven by any person under the age of twenty-one years, and (2) that it did not cover the motor vehicle while rented to others or used to carry passengers for a consideration. It was shown at the trial that the truck was carrying about twenty members of the White Horse Social and Pleasure Club on a straw ride in Baltimore County. The driver, who was afterwards convicted of murder, was summoned from the Maryland Penitentiary and testified that he was eighteen years old at the time of the collision.

The statute provides that no owner of a commercial motor vehicle shall operate it on the public highways, streets or roads within the State of Maryland without a permit from the Commissioner of Motor Vehicles, who shall not grant such a permit until the owner provides good and sufficient security for the protection of the public. The owner may satisfy this requirement by showing, by means of affidavit and certified copy, that he has secured an approved bond as required by the statute, or an approved insurance policy insuring against any judgment that may be recovered against him for death or personal injury to any person or persons, other than passengers, arising out of the operation of the motor vehicle in this State up to $5,000 for one person, and up to $10,000 for more than one person, and for damages to property, other than good carried, up to $1,000. Code, 1939, Art. 56, Sec. 182 (b).

The subject of insurance is of such general interest that the Legislature unquestionably has the power to control it within reasonable limits. After a statute has been enacted governing some part of the field of insurance, any persons who have entered into a contract within that field are presumed to have done so with full recognition of the obligations demanded by the statute.

*Lorando v. Gethro,* 228 Mass. 181, 117 N. E. 185, 1 *A. L. R.* 1374, 1379. The first legislation in Maryland requiring liability insurance for motor vehicles was enacted in 1931. That Act applies to those persons (1) who have operated a car while under the influence of intoxicating liquor or a narcotic drug, (2) who have caused an accident while violating a motor vehicle law, resulting in death, and (3) who have left the scene of an automobile accident without making identity known. Acts of 1931, Chap. 498; Acts of 1937, Chap. 30; Acts of 1939, Chap. 446; Code, 1939, Art. 56, Secs. 164-181. The purpose of legislation of this nature is to assure the ability of motor vehicle owners, against whom judgments may be entered on account of negligent driving, to respond in damages to persons who may suffer as a result of such negligence, and consequently to help in reducing the appalling toll of human life and suffering resulting from the reckless operation of motor vehicles. Such statutes are remedial and are reasonable in purpose and effect, and should be liberally construed against the insurer to accomplish their purpose. It is, therefore, well established that when an insurance policy has been issued in pursuance of the requirement of a statute, which forbids the operation of a motor vehicle until good and sufficient security has been given, the court should construe the statute and the policy together in the light of the legislative purpose. *Brown v. Smart,* 69 Md. 320, 14 A. 468, 17 A. 1101, affirmed 145 U. S. 454, 12 S. Ct. 958, 36 L. Ed. 773; *American Fidelity & Casualty Co. v. Mahon,* 170 Md. 573, 185 A. 330, 105 *A. L. R.* 1200; *Hynding v. Home Accident Insurance Co.,* 214 Cal. 743, 7 P. 2d 999, 85 *A. L. R.* 13. If there is a conflict between any provision of a policy and the statute, the statute is paramount, and it is the duty of the court to hold the provision in the policy illegal and ineffective. *O'Roak v. Lloyds Casualty Co.,* 285 Mass. 532, 189 N. E. 571; *Caccavo v. Kearney,* 286 Mass. 480, 190 N. E. 817; *Horn v. Atlas Assurance Society,* 241 Ky. 226, 43 S. W. 2d 675; *Cravens v. New York Life Insurance Co.,* 148 Mo. 583,

50 S. W. 519, 53 *L. R. A.* 305, 71 *Am. St. Rep.* 628. So, where an insurance policy has been issued to the owner of a commercial vehicle for the purpose of enabling him to comply with the terms of the statute, the provisions of the statute enter into and become a part of the policy, and he statute supersedes any provision in the policy repugnant to the statute. *Johnson Transfer & Freight Lines v. American National Fire Insurance Co.,* 168 Tenn. 514, 79 S. W. 2d 587, 99 *A. L. R.* 277.

It was contended by the appellant that, notwithstanding the cardinal rule of construction, the coverage of commercial motor vehicle insurance is restricted in Maryland to the terms of the policy on account of the statutory declaration that the liability of an obligor under a bond or an insurer under an insurance policy shall become absolute "whenever loss or damage covered by such bond or policy occurs." Code, 1939, Art. 56, Sec. 182 (c). This provision, however, is not an unusual one. It is also included in the Act of 1931, but the Legislature stated explicitly that no rider or endorsement on any policy shall constitute a part of the contract if it conflicts with the provisions of the statute. Code, 1939, Art. 56, Sec. 177. In New Jersey, although the statute contains a similar provision, the court nevertheless held that the statute cannot be nullified by contract, and that when an owner of a motor vehicle has been issued a policy to meet the provisions of the statute, the insurance company cannot escape the liability it has thus undertaken. *Osborn v. New Amsterdam Casualty Co.,* 111 N. J. L. 358, 168 A. 416; *United States Casualty Co. v. Timmerman,* 118 N. J. Eq. 563, 180 A. 629. Likewise, in New Hampshire, where the statute contains the same provision, the court held that a policy issued pursuant to the statute is controlled by the statute, and any terms inconsistent therewith, or not within the authority of the Insurance Commissioner to approve, must be rejected in determining the liability of the insurer. The court emphasized in that case: "There being such a policy, the statutory regulations for it may not be altered or modified by terms of

the policy in conflict with them. * * * The policy does not control, but is controlled by, the terms of the Act." *Bosse v. Wolverine Insurance Co.*, 88 N. H. 440, 190 A. 715, 716. It is, therefore, our opinion that the provision relied upon by the appellant was not intended for the purpose of enabling an insurer the evade the clear purpose of the law.

Under the Maryland statute, the owner of a commercial motor vehicle must be insured against any judgment which may be recorded against him for death, personal injury or property damage arising out of the operation of the motor vehicle within the limits of the State. The law forbids the Commissioner of Motor Vehicles to grant a permit for the operation of a commercial motor vehicle until the owner provides "good and sufficient security for the protection of the public." It was admitted in the court below that the Commissioner of Motor Vehicles had always relied upon the Insurance Commissioner's certificate of approval, and had never demanded a copy of a policy. The law requires that a certified copy of the policy shall be filed with the Commissioner of Motor Vehicles before a permit is granted for the operation of a commercial vehicle. Code, 1939, Art. 56, Sec. 182 (b). Regardless of whether the Insurance Commissioner and the Commissioner of Motor Vehicles overlooked the exclusions, the policy of the Keystone Mutual Casualty Company contained the following clause: "Any coverage provided by this policy * * * shall conform with the provisions of the Motor Vehicle Financial Responsibility Law * * * to the extent of coverage and limits of liability required by such law but not in excess of the limits stated in the policy." Of course, an insurer cannot be held liable beyond the limits of coverage specified in the policy, provided that the limitations do not conflict with the statute. For illustration, if an insurance company writes a policy for bodily injury coverage alone, obviously the company would not be liable for damage to real or personal property, for such a limitation would not be repugnant to the statute, as some other company might

682

write a policy covering property damage. *Appleman, Automobile Liability Insurance*, 1938 Ed., page 219. But it is clear that an insurer and a motor vehicle owner cannot be allowed to frustrate the will of the Legislature by means of exclusions contrary to the purpose of the statute and deprive injured persons of the protection which the Legislature intended to provide.

*Judgment affirmed, with costs.*