Mason SCOTT, Appellant,

v.

NUNN ELECTRIC SUPPLY CORPORA-
TION, Appellee.

No. 7434.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 25, 1965.

Sanders, Scott, Saunders, Brian &
Humphrey, Amarillo, for appellant.

Clayton, Kolander, Moser & Templeton,
Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal by Mason Scott, defend-
ant below, from a judgment for Nunn
Electric Supply Corporation, hereinafter
called Nunn Electric, in an action tried
to the court. The suit was on an account
for the purchase price of certain merchan-
dise under a trust receipt financing arrange-
ment between the supplier, Nunn Electric,
and Mason Scott, and was for $3,219.71,
plus reasonable attorney's fees and expenses
incurred in the prosecution of the suit.
The case was tried to the court and judg-
ment rendered for Nunn Electric in the
amount pleaded, plus $200 attorney's fees,
a total of $3,419.71, together with 6% per
annum interest from the date of judgment.
It is from such judgment appeal is perfect-
ed to this court.

The account sued upon arose prior to
September 6, 1962, the date on which ap-
pellant filed a statutory assignment for
the benefit of his creditors under Articles

261 through 274 Vernon's Ann.Tex.Civ.St. The record indicates he had made a common law assignment on June 4, 1962, and made a payment of $898.10 thereunder on July 25, 1962.

Article 261 of Title 12, designated in Vernon's Civil Statutes as Assignments for Creditors, provides in part as follows: Every assignment made by a debtor for the benefit of his creditors shall provide for distribution of *all* his real and personal estate among all his creditors consenting thereto and shall be construed to pass all such estate whether specified therein or not except property exempt by law from execution. All emphases herein are ours.

Article 263 of such title provides:

"A debtor may make such assignment *and shall thereupon stand discharged from all further liability to such consenting creditors on account of their respective claims.* Such debtor shall not be discharged from liability to such creditor who does not receive as much as one-third of the amount due and allowed in his favor as a valid claim against the estate of such debtor."

Findings of fact and conclusions of law were made at the request of appellant, then additional and amended conclusions requested by appellant and made by the court.

The transcript and appellant's brief appear to create a paradox. The former shows appellant requested additional and amended findings of fact and conclusions of law. He requested her to make the following conclusions of law:

"1. Article 263, Vernon's Annotated Revised Civil Statutes, is unconstitutional.

"2. Nunn Electric Supply Corporation, in receiving and accepting 34% of the claim filed with the assignee, did not discharge the Defendant, Mason Scott, from the unpaid balance of the claim filed by Nunn Electric Supply Corporation. Although Nunn Electric Supply Corporation received 34% of its claim from the assignee, neither, under the statutes nor the common law did such acceptance by Nunn Electric Supply Corporation discharge Mason Scott, the Defendant, from the balance of the indebtedness due Nunn Electric Supply Corporation."

Then by brief he contends she erred in making the very conclusions he requested; i. e., in holding as a matter of law that Article 263 V.T.C.S. is unconstitutional in so far as it purports to discharge a debtor and that Nunn Electric in receiving and accepting 34% of the claim made by them did not discharge appellant. She had not made these conclusions of law in her original findings and conclusions, so at least to that extent the additional conclusions were extended and added to the original conclusions of law made by the court.

Under this state of the record appellant was bound by the additional findings requested, Waters v. Yockey, 144 Tex. 592, 192 S.W.2d 769; Hood v. Adams, Tex.Civ. App., 334 S.W.2d 206 (N.W.H.), though we do not consider ourselves bound to find Article 263 unconstitutional simply because the appellant requested the trial court to do so and she complied. That question as a constitutional question is not briefed.

Both parties in their briefs in discussing the question of whether that portion of Article 263 which seeks to discharge the debtor from any further liability to the consenting creditors refer to it as being unconstitutional, yet the cases they discuss refer to it as being suspended by the National Bankruptcy Act. Star v. Johnson, Tex.Civ.App., 44 S.W.2d 429, 432 (affirmed per curiam, 121 Tex. 195, 47 S.W.2d 608). We do not find it necessary to pass on its constitutionality or whether the two terms are synonymous or not.

■ There are two types of assignments in Texas, the statutory assignment[1] and the common law assignment.[2]

Though he asks conclusions contrary thereto in his request for additional conclusions, appellant argues by brief he is discharged from any further unpaid portion of his indebtedness to appellee, a form of relief available through a voluntary petition in bankruptcy. Creditors' Rights in Texas, p. 117; Bankruptcy Act, 11 U.S.C.A. § 32.

"The release provisions of the Texas statutory assignments have been held conditionally inoperative and suspended as an infringement upon the bankruptcy act." Creditors' Rights in Texas, p. 117; Dodgion v. J. M. Radford Grocery Co., Tex.Civ. App., 50 S.W.2d 837 (N.W.H.).

■ Our Supreme Court has held our Texas Assignment for Creditors Act was not suspended as an infringement upon the National Bankruptcy Act *"except as to the provision that provides for the discharge of claims of consenting creditors who are paid as much as one-third thereof * * *."* Star v. Johnson, supra. This "except" provision is included in Article 263, supra. We therefore hold the trial court was correct in the judgment rendered, though we are not passing on the constitutionality of the statute. Therefore, Article 263 wherein it purports to discharge appellant from the claim sued upon is an infringement upon the Bankruptcy Act and is inoperative and suspended.

■ It is settled law that state laws to the extent that they actually conflict with the Bankruptcy Act are suspended thereby. Sturges v. Crowninschield, 4 Wheat 122, 4 L.Ed. 529 (U.S.1819); Brown v. Smart, 145 U.S. 454, 12 S.Ct. 958, 36 L.Ed. 773 (1891); In re Wisconsin Builders Supply Company, 239 F.2d 649, certiorari den. Prentice v.

Moskowitz, 353 U.S. 985, 77 S.Ct. 1286, 1 L.Ed.2d 1143.

■ There appears to be still another reason we must find the judgment of the trial court correct from the record. Article 261, supra, provides:

"Every assignment made by a debtor for the benefit of his creditors shall provide for a distribution of *all* of his real and personal estate among all his creditors consenting thereto, * * *. The term 'real and personal estate' shall not include property exempt by law from execution."

The trial court found as a fact that appellant owns a one-fifth undivided interest in a 160-acre tract of land in Gray County subject to execution, which finding is supported by probative evidence. That property was not included in the common law assignment, if there was one, nor in the statutory assignment made.

■ Appellant's last point asserts estoppel against appellee to claim a balance due by virtue of having accepted under the statutory terms of the assignment. Estoppel is one of the pleas required to be pleaded affirmatively, which was not done in this case. Rule 94, Vernon's Ann.Tex.Rule; City Lincoln Mercury v. Ybarra, Tex.Civ. App., 308 S.W.2d 67 (writ dismissed); Hutchinson v. Texas Aluminum Company, Tex.Civ.App., 330 S.W.2d 895 (writ dismissed).

"The pleader must allege the facts that are essential to the existence of estoppel with particularity and precision; no intendments are made in favor of the plea." 22 T.J.2d, Estoppel, Sec. 20, p. 691 and cases there cited.

Our Supreme Court has said:

" 'In order to constitute an equitable estoppel or estoppel in pais there must

---

1. Article 261 et seq. V.T.C.S.; Creditors' Rights in Texas, p. 117.

2. Creditors' Rights in Texas, p. 117; Hajek & Simicek v. Luck, 96 Tex. 517, 74 S.W. 305; Keating v. Vaughn, 61 Tex. 518.

exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.' " Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 932.

We do not believe appellant complied in his pleadings with these rules just stated.

Finding no reversible error, the judgment of the trial court is in all things affirmed.

