AMERICAN HOMEOWNERS INSUR-
ANCE CO., Plaintiff and Transferee of
Imperial Insurance Incorporated, Origi-
nal Plaintiff;

v.

RESERVE INSURANCE COMPANY,
a body corporate.

Civ. No. 16515.

United States District Court
D. Maryland.

March 6, 1967.

Edward C. Bell, Hyattsville, Md., for
plaintiff.

George T. Tyler and Thomas D. Wash-
burne, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Plaintiff filed an action in the Circuit Court for Montgomery County, Maryland, to obtain pro rata contribution from defendant toward the settlement of certain claims effected by plaintiff. Defendant properly removed the case to this Court pursuant to 28 U.S.C. § 1441. The applicable law is that of Maryland, since the accident which gave rise to the claims occurred in Maryland and both contracts of automobile liability insurance involved in the case were issued in Maryland.

The facts are not in dispute. On May 24, 1962, on a public highway near Denton, Maryland, an automobile operated by George Dewey Fortney, Jr., collided with an automobile operated by Robert W. Cousins. Four passengers in the Fortney car received bodily injuries; the driver and passenger in the Cousins automobile were killed instantly.

At the time of the accident a policy issued by plaintiff was in effect, insuring Fortney as an operator for the period May 22, 1962, to November 22, 1962. Defendant had previously issued a policy insuring Fortney as an operator for the period November 22, 1961, to May 22, 1962. Unless kept in force by the circumstances set out below, defendant's policy expired two days before the accident.

For the purposes of this action only, the parties have stipulated: (1) that the accident was caused by negligence on the part of Fortney; (2) that plaintiff's decision to effect a settlement of the claims against Fortney arising out of the accident was proper; (3) that before settling any of the claims plaintiff demanded cooperation and pro rata contribution from defendant, which was refused; and (4) that the sums paid by plaintiff in settlement of the claims and for loss adjustment expenses were reasonable and proper. Those expenditures total $20,033.42, and plaintiff seeks judgment against defendant for one-half of that amount.

At the time of the accident Fortney was a minor and, by reason of a prior traffic violation, had been required to provide proof of financial responsibility in order to hold an operator's license. See Annotated Code of Maryland, 1957 ed., Article 66½, sections 116 et seq., particularly section 131. Such proof is afforded through the filing by an insurer of a form known as SR-22. At the time of the accident plaintiff's policy was certified to the Department of Motor Vehicles by an SR-22 filing, effective May 22, 1962, two days before the accident, while the SR-22 which had been filed for defendant's policy showed that defendant's policy insured Fortney for the period November 22, 1961, to May 22, 1962.

Plaintiff's claim is based upon the fact that no notice of cancellation (form SR-26) was filed by defendant with the Department of Motor Vehicles prior to the date of the accident. Article 66½, section 142, of the Maryland Code, as then in effect, provided:

"§ 142. Notice required before cancellation or annulment.

"When any form of proof of financial responsibility has been certified to the Department or the Public Service Commission as the case may be, such proof shall not be cancelled or annulled by any party in interest except upon not less than thirty (30) days' notice to the Department or the Public Service Commission as the case may be. (An.Code, 1951, § 138; 1943, ch. 1007, § 123.)"

Moreover, on December 13, 1961, the Commissioner of Motor Vehicles had issued a letter to all insurance companies licensed to do business in Maryland, including defendant, which stated:

"It has come to my attention that a number of insurance companies have filled in on the SR22, and SR24, forms which they have filed with this Department, the *expiration date* of the insurance policy which was in force on the date of such filing.

"In that connection, attention is invited that such filings, on AAMVA Forms Nos. WC3541 (SR22), WC3542

(SR23), WC3543 (SR24) respectively, include the following certification:

" 'This Certification is effective from ———— and continues until cancelled or terminated in accordance with the Financial Responsibility Laws and regulations of this State.'

"That certification conforms to the agreement which was made a number of months ago between this Department and representatives of the National Bureau of Casualty Underwriters under which it was agreed that all such filings shall certify as to *continuous coverage* which shall remain in full force and effect until such coverage is cancelled or annulled as provided by Section 142 of Article 66½ of the Maryland Code. Thus, the insertion of an expiration date may cause misunderstanding.

"Accordingly, it is requested that you *immediately* review all of your SR22, SR23, and SR24 forms, filed with this Department, since all of such filings are recorded, and have been accepted, on a *continuous coverage* basis as above set forth.

"Also, this Department has received filings on Form No. WC2558 (SR22), WC2555–A (SR23), and WC2988 (SR24) which do not set forth the certification above quoted from the AAMVA form. However, such filings are also accepted and recorded as *continuous coverage* filings subject to cancellation or annullment *only* as provided under Section 142 aforementioned. Accordingly, it is requested that all of those filings also be reviewed upon the same basis as hereinabove."

Plaintiff contends that because defendant failed to certify cancellation of its proof of coverage in accordance with Article 66½, section 142, defendant's policy continued in force, and that plaintiff is entitled to pro rata contribution in the amount claimed.

■ Plaintiff's claim is not supported by reason or authority. The legislative intent behind the Financial Responsibility Law was "to provide funds to meet the needs of innocent victims of automobile accidents, and not to afford protection to financially irresponsible motorists". National Indemnity Co. v. Simmons, 230 Md. 234, 242, 186 A.2d 595, 600 (1962); Amalgamated Casualty Insurance Co. v. Helms, 239 Md. 529, 212 A.2d 311 (1965); Keystone Mutual Casualty Co. of Pittsburgh, Pa. v. Hinds, 180 Md. 676, 679, 26 A.2d 761 (1942).

■■ The legislative policy to protect innocent victims of accidents was satisfied when plaintiff issued and certified its policy of insurance effective May 22, the date on which defendant's policy expired by its terms. Fortney has not paid and is not liable to pay any premium to defendant beyond that date; he has paid or is liable to pay a premium to plaintiff for its coverage after that date, including the date of the accident. No legislative policy of the State of Maryland requires that defendant's insurance contract be kept in effect beyond its term for the benefit of another insurer. The Maryland Courts have recognized that the relationship between insurance companies *inter se* is not the same as the relationship between an insurance company and an injured member of the public. See Amalgamated Casualty Insurance Company v. Helms, 239 Md. 529, 212 A.2d 311 (1965); Barrella v. Stewart, 228 Md. 378, 179 A.2d 886 (1962); Keystone Mutual Casualty Co. of Pittsburgh, Pa. v. Hinds, 180 Md. 676, 26 A.2d 761 (1942); Citizens Casualty Co. of New York v. Allied Mutual Insurance Company, 217 Md. 494, 144 A.2d 73 (1958); Kelsay v. State Farm Insurance Co., 242 Md. 528, 219 A.2d 830 (1966). Plaintiff is not entitled to contribution from defendant herein.

■ That conclusion is not in conflict with the administrative interpretation by the Commissioner of Motor Vehicles set out above, nor with the decision in Kaplan v. Stuyvesant Insurance Company, Baltimore City Court, Cullen, J., Daily Record, March 16, 1965, relied on by plaintiff. The "continuous coverage" referred to by the Commissioner should be

interpreted to mean coverage for the benefit of the victims of accidents, not for the benefit of another insurance company. See cases cited above. In Kaplan v. Stuyvesant Insurance Company, suit was brought by the victim of an accident against an insurance company which had not effectively filed the required SR-26 form. The Court held that the expiration of the policy did not prevent recovery *by the injured plaintiff*. That conclusion is not inconsistent with the rationale and result of this case.

Judgment will be entered in favor of the defendant, with costs.