### HAIJEK & SIMECEK ET AL. v. C. LUCK.

No. 1170. Decided May 18, 1903.

1.—Assignment—Insolvent Law—Bankrupt Law—Accepting Creditor.

Though the assignment statute of Texas, in so far as it makes provision for exacting releases, should be held to be an insolvent law, and therefore suspended by the bankrupt act of the United States, one who has accepted and received one-third the amount of his claim under an assignment good at common law, though exacting such release, where no proceedings were had under the Bankrupt Act, thereby discharges the debtor from further liability. (Pp. 518-520.)

2.—Same—Case Limited.

The decision in Patty, Joiner & Eubank Co. v. Cummins, 93 Texas, 598, limited to a determination of the certified questions there submitted. (P. 519.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Fayette County.

*Wolters, Lane & Lenert,* for appellants.—The assignment law of Texas, Rev. Stats., 1895, arts. 71 to 66, is not in conflict with, nor is it suspended by the National Bankrupt Act, either in whole or in part. Patty, Joiner & Eubank Co. v. Cummins, 59 S. W. Rep., 298; Keating v. Vaughn, 61 Texas, 518; Hellman v. Mayer, 91 U. S., 496.

*Robson & Duncan,* for appellee.—The court did not err in rendering judgment for plaintiff, because that part of the assignment law of Texas under which Haijek & Simecek claim their discharge had been suspended by the national bankrupt law in so far as it authorizes debtors to exact discharges of accepting creditors. Boese v. King, 108 U. S., 379; Patty, Joiner & Eubank Co. v. Cummins, 93 Texas, 598.

When Haijek & Simecek made their assignment on the 28th of November, 1898, they were in law bankrupts, and all the property that they and each of them owned (excepting such as was exempt to them under the law) belonged to their creditors, and they (Haijek & Simecek), held it as trustees for their creditors. The property being the property of their creditors, they, as trustees, only could sell it and distribute the proceeds equally among said creditors, or they could appoint a trustee to do the same in their stead. Therefore, holding said property as trustees for their creditors, they (Haijek & Simecek) could not exact as a condition precedent that the creditors should discharge them from their respective debts before they were entitled to participate in the distribution of the trust estate, and receive that which, in law, was already theirs.

The question involved in this case is a Federal one, and the law is to the effect that a local or State statute, from the date of the passage of the national bankrupt law, is inoperative in so far as it provides for the discharge of the debtor from future liability to creditors who come in under the assignment and participate in the distribution of the proceeds of the assigned property. Boese v. King, 108 U. S., 379.

GAINES, Chief Justice.—The following question has been certified for our decision:

"This was an action brought by the appellee in the court below to recover of the appellants as the makers of a certain promissory note a balance due thereon after deducting a credit of more than 33 1-3 per cent received by the appellee, an accepting creditor, from the assignee of Haijek & Simecek in a general assignment made by them in accordance with the statute of this State, for the benefit of such of their creditors as would accept the assignment and discharge them from further liability. The assignment was made subsequent to the passage of the National Bankrupt Act of 1898. The appellants, Haijek & Simecek, were partners and joined in the assignment which was made by them. They were principals in the note, and the appellant John Haijek was their surety. No steps were ever taken to adjudicate them as bankrupts. The assignment was made more than four months before the bringing of this suit and has been closed, leaving a balance due on the note sued on for which the court below rendered judgment in favor of the appellee. This court being of the opinion that the case of Patty, Joiner & Eubank Co. v. Cummins, 93 Texas, 598, is not decisive of the question here presented, and desiring the instruction of the honor-

able Supreme Court upon the question of law presented by these facts, respectfully certify the following question for its decision:

"Were the appellants discharged from further liability on the note sued on by the facts stated? Should the judgment in favor of the appellee be affirmed?"

The case of Patty, Joiner & Eubank Company v. Cummins, 93 Texas, 598, referred to in the certificate, determines two questions: First, that an assignment made under the assignment law of this State which does not exact releases, though subject to be set aside by proceedings in bankruptcy seasonably instituted, was not otherwise void; and second, that even such an assignment which is made for the benefit of such creditors only as should accept under it and release the assignor from further liability operated a transfer of the property, and that it was not subject in the hands of the assignee to a writ of garnishment by a nonaccepting creditor. But the question now presented—that is to say, whether the debt of a creditor who has accepted under an assignment of the latter class, and who has received under it 33 1-3 per cent of his debt, is thereby released, was not involved in that case and therefore not certified to us by the Court of Civil Appeals. As a matter of course we did not decide it.

We did intimate, however, that the effect of the ruling of the Supreme Court of the United States in Boese v. King, 108 U. S., 379, is that in so far as a general assignment law of a State provides for a release by the accepting creditors of an insolvent assignor it is an insolvent law—that is to say, such a law as is suspended by a general bankrupt act of the United States. But in Keating v. Vaughn, 61 Texas, 524, it is said that: "The statute in question is in no sense an insolvent law, providing for the discharge of a debtor by a compliance with its terms without the consent of the creditor; but is a statute which, for the better protection of creditors, prescribes a mode for the administration of the estates of insolvents under assignments made by the debtors themselves, which would be good at common law, unaided by the statute, and, like any other trust, could be enforced in a court of equity in the absence of a statute providing a mode of administration."

But if it should be held that our statute, in so far as it makes provision for exacting releases, is an insolvent law and therefore suspended by the Bankrupt Act of the United States, it does not determine the question now under consideration. We see no good reason why the assignment made in pursuance of the statute was not good at least as a common law assignment. Nor do we see why, even if not subject to the regulations of the assignment law, the assignee could not take possession of the property, dispose of it, and divide the proceeds among the accepting creditors. Boese v. King, above cited. The assignment would have been annulled by a proceeding in bankruptcy instituted within four months from the time of its execution. But no steps having been taken under the bankrupt act, no good reason suggests itself to our minds why any provision of the instrument valid at com-

mon law should not be given effect. That at common law an assign-ment is valid which provides for a discharge by the accepting creditors, is the opinion expressed by this court in the case of Patty, Joiner & Eubank Company v. Cummins, above cited. The grounds for the conclusion are there stated and need not be here repeated. Whether the determination of the point was necessary to the decision of that case, we need not now inquire. We are still of that opinion.

Therefore, we think that the provision of the assignment in this case for a release as to the accepting creditors does not require the aid of the statute to give it effect, and that even if the statute was suspended by the bankrupt law, the creditors who accepted and received under it one-third of the amount of their debts thereby released the remainder.

We answer that the appellants were discharged on the note sued on by reason of the facts stated in the certificate, and that the judgment in favor of appellee should be reversed.