JOHNSON ᴇᴛ ᴀʟ. *v.* STAR.

No. 282.  Argued December 13, 1932.—Decided January 9, 1933.

*Mr. Spearman Webb* submitted for appellants.

*Mr. Wm. Andress, Jr.,* with whom *Mr. Lee Gammage Carter* was on the brief, for appellee.

Mr. Jᴜsᴛɪᴄᴇ Bᴜᴛʟᴇʀ delivered the opinion of the Court.

Prior to March 13, 1931, appellants obtained a judgment for $113.20 against the Dallas Showcase & Manufacturing Company. On that day the latter, being insolvent and having unsecured indebtedness of about $11,-000, made to appellee a voluntary assignment of all its property for the benefit of its creditors. Appellants refused to accept under the assignment and brought garnishment proceedings in justice court against the appellee. He answered that as such assignee, acting under Title 12 of the Texas Revised Civil Statutes, 1925, he had converted the assigned property into cash and had $582.63 which, as he insisted, was not subject to garnishment. The justice of the peace held him liable. He appealed to the county court and there the case was submitted on an agreed statement showing the facts aforesaid. The court held the state law in conflict with the Bankruptcy

Act and that therefore the amount on hand was subject to garnishment. The court of civil appeals reversed, 44 S. W. (2d) 429, and the supreme court approving its opinion denied writ of error. 47 S. W. (2d) 608.

The sole question is whether, as construed by its highest court, articles 261–274 of Title 12 are repugnant to the Bankruptcy Act.

These provisions are derived from an Act of March 24, 1879, (Acts 1879, p. 57) as amended, Acts 1883, p. 46. Evidently, that statute was intended to take the place of the Bankruptcy Act of 1867, which was repealed in 1878. *Cunningham* v. *Norton*, 125 U. S. 77, 81. It established a complete system for the administration of property conveyed by insolvent debtors for the benefit of their creditors. *Tracy* v. *Tuffly*, 134 U. S. 206, 223. Every such assignment is required to provide for ratable distribution of the insolvent's estate among the consenting creditors and, whether or not so specified, is deemed sufficient to pass all the assignor's property to the assignee. Art. 261. "A debtor may make such assignment and shall thereupon stand discharged from all further liability to such consenting creditors. . . . Such debtor shall not be discharged from liability to such creditor who does not receive as much as one-third of the amount . . . allowed in his favor. . . ." Art. 263. Non-assenting creditors take nothing under the assignment, art. 265, but may garnishee any excess remaining after full payment of consenting creditors and the expenses of executing the assignment. Art. 271.

" The statute in question is in no sense an insolvent law, providing for the discharge of a debtor by a compliance with its terms without the consent of the creditor; but is a statute which, for the better protection of creditors, prescribes a mode for the administration of the estates of insolvents under assignments made by the debtors themselves, which would be good at common law,

unaided by the statute, and, like any other trust, could be enforced in a court of equity in the absence of a statute providing a mode of administration." *Keating* v. *Vaughn*, (1884) 61 Tex. 518, 524. And see *Leon & H. Blum* v. *Welborne* (1882), 58 Tex. 157, 161. *McKee* v. *Coffin* (1886), 66 Tex. 304, 309; 1 S. W. 276. *Fant* v. *Elsbury* (1887), 68 Tex. 1, 5; 2 S. W. 866. And in a case arising after the passage of the present Bankruptcy Act, a lower court propounded the question whether this law was suspended by the Bankruptcy Act. The supreme court, after reference to *Boese* v. *King*, 108 U. S. 379, said: " The effect of the ruling [in that case] is that, in so far at least as an insolvent law of a State provides for a release by the creditors, it is suspended by a bankrupt law of the United States, but that if the assignment convey all the debtor's property subject to the payment of his debts for the equal benefit of all his creditors who may accept under it, it is otherwise valid, except as against proceedings seasonably taken under the bankrupt act." *Patty-Joiner & Eubank Co.* v. *Cummins* (1900), 93 Tex. 598, 604; 57 S. W. 566. And in a later case the court held that though the statute in so far as it makes provision for exacting releases should be held to be an insolvent law, and therefore suspended by the Bankruptcy Act, one who had accepted and received one-third of the amount of his claim under an assignment good at common law, though exacting such release, where no proceedings were had under the Bankruptcy Act, thereby discharged the debtor from liability. *Haijek & Simecek* v. *Luck* (1903), 96 Tex. 517; 74 S. W. 305.

In the case at bar the court of civil appeals for the fifth district observed the differences between state insolvency laws and those merely regulating voluntary assignments for the benefit of creditors and, following the rule established by the Texas supreme court that non-consenting creditors may not seize property covered by such assign-

530

ments, held that the fund in the hands of the assignee was not garnishable. And the supreme court, approving that decision and disapproving one to the contrary announced by the court of civil appeals for the sixth district, *Johnson* v. *Chapman Milling Co.*, 37 S. W. (2d) 776, held that " the questions at issue have been definitely settled by this court in the cases of " *Patty-Joiner & Eubank Co.* v. *Cummins, supra,* and *Haijek & Simecek* v. *Luck, supra.*

Accepting as we do that court's construction of the provisions in question, we are of opinion that they are not repugnant to the Bankruptcy Act. This case is ruled by our decision in *Pobreslo* v. *Joseph M. Boyd Co., ante,* p. 518.                                  *Judgment affirmed.*