**STEVENS et al.**
v.
**CAROLINA SCENIC STAGES.**
No. 6646.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1953.

Decided Nov. 9, 1953.

Writ of Certiorari Denied March 8, 1954.

See 74 S.Ct. 515.

F. J. Bostick, J. Hertz Brown and L. A. Odom, Spartanburg, S. C. (Odom, Bostick & Nolen, Spartanburg, S. C.,

Tillett, Campbell, Craighill & Rendleman, Hugh B. Campbell, Charlotte, N. C., and Carlisle, Brown & Carlisle, Spartanburg, S. C., on the brief), for appellants.

J. Nat Hamrick, Rutherfordton, N. C., and Thomas A. Wofford, Greensville, S. C. (Hamrick & Hamrick, Rutherfordton, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order entered in the United States District Court for the Western District of South Carolina in an arrangement proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., approving the debtor's petition and directing a receiver of a state court in charge of debtor's property to turn it over to debtor. Debtor is a bus company for which a receiver was appointed by the Court of Common Pleas of Spartanburg County, South Carolina, on August 24, 1951, in an action in the nature of a creditor's suit in which it was alleged that the company was in imminent danger of insolvency, that there were threats of action by numerous creditors and that the business of the company would be disastrously affected if the chattel mortgages on its rolling stock should be foreclosed as the result of such action by creditors. The debtor appeared in the state court and consented to the receivership and a receiver was appointed who took charge of debtor's property and continued the operation of its business. The Chapter XI petition was filed on May 22, 1953, without notice to the receiver or the creditors in the state court, and on the same date an order was entered directing the receiver to turn over to the debtor the property held by him as receiver. Motions by the receiver and one of the principal creditors to vacate the turn over provisions of this order were denied and the receiver and the creditor have appealed.

We think there was error in entering the turn over order when it appeared that the property involved was held by the state court through its receiver and had been so held for approximately twenty-one months prior to the filing of the petition. There is nothing in the Bankruptcy Act which permits a debtor corporation which has sought the haven of a state court receivership and enjoyed it for nearly two years to put an end to that court's jurisdiction and retake possession of its property by the simple expedient of filing with a court of bankruptcy a petition seeking an arrangement with creditors under Chapter XI, and obtaining a turn over order from that court. On the contrary, the amendment of the Bankruptcy Act which added Chapter XI to that statute expressly forbids the entry of such a turn over order, except in Chapter X and Chapter XII proceedings, 11 U.S.C.A. §§ 501 et seq., 801 et seq., after the receiver has been in possession of the property for more than four months. Chapter 2, sec. 2, sub. a(21), 52 Stat. 844,[1] which prescribes the powers of courts of bankruptcy with relation to turn over orders, provides that the court shall have power to—

"(21) Require receivers or trustees appointed in proceedings not under this Act, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act or, where an arrangement or a plan under this Act has been confirmed and such property has not prior thereto been delivered to a receiver or trustee appointed under this Act, to deliver such property to the debtor or other person entitled to such property according to the provisions of the arrangement or plan, and in all such cases to account

---

1. The Act of July 7, 1952, 66 Stat. 420 extends the exception to railroad reorganizations under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. 11 U.S.C.A. § 11.

to the court for the disposition by them of the property of such bankrupt or debtor: Provided, however, that such delivery and accounting shall not be required, except in proceedings under chapters X and XII of this Act, if the receiver or trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy."

Debtor calls attention to subsection b of section 2 to the effect that nothing contained in the section shall be construed to deprive a court of bankruptcy of any power it would possess in the absence of the enumeration of specific powers. Aside from the fact that a court of bankruptcy has no general power to enter such a turn over order, as we shall hereafter point out, it is perfectly clear that this general language, which was in the statute prior to the Act of 1938, was not intended to nullify the specific limitation contained in the proviso above quoted. That the effect of the proviso is to forbid the entry of a turn over order against a receiver appointed more than four months prior to the date of bankruptcy has been expressly decided and we know of no authority to the contrary. Directly in point is the decision of the Court of Appeals of the Third Circuit in In re Distillers Factors Corp., 187 F.2d 685, 687, where that court said:

"The power of the district court to compel the state receiver to deliver assets to the bankruptcy trustee is dependent on Section 2, sub. a(21) of the Bankruptcy Act. This section explicitly prohibits supersession of the possession of such receivers 'except in proceedings under chapters 10 and 12 * * * if the receiver or trustee was appointed * *. * more than four months prior to the date of bankruptcy'."

See also Sada Yoshinuma v. Oberdorfer Ins. Agency, 136 F.2d 460, 461, where the Court of Appeals of the Fifth Circuit, speaking through Judge Hutcheson, said:

"Here the bankrupt vigorously insists that under § 711, Title 11 U.S.C.A., the filing of his petition, regardless of the four months' period, brought all of his property within the exclusive control of the bankruptcy court. Appellees on their part insist that the referee was right in the view he took that though this is ordinarily true, the filing here of the bankrupt's petition for the arrangement of his unsecured debts had no effect on the state court proceeding because Sec. 11, sub. a (21) of Title 11 U.S.C.A. expressly provides that 'Such delivery and accounting shall not be required, except in proceedings under chapters 10 and 12 of this title, if the receiver * * * was appointed * * * more than four months prior to the date of bankruptcy.' We agree. It is settled law that where, as here, the state court took jurisdiction to foreclose a lien and appointed a receiver more than four months before the commencement of proceedings in bankruptcy, the power of the bankruptcy court in proceedings under Chapter XI is not greater than that of the court in ordinary bankruptcy proceedings. The filing by the bankrupt of his arrangement petition had no more effect to oust the jurisdiction of the State Court than the filing by his creditors of an involuntary petition in bankruptcy had. 14th Ed. Collier on Bankruptcy, Vol. 8, pp. 139, 140, 143; 5th Ed. Remington on Bankruptcy, Vol. 7, pp. 172–173. The law was different under former section 74, which was subject to no time limitation."

In Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 688, 87 L.Ed. 954, wherein the Supreme Court held that a state court receiver could not be required to account to the bankruptcy court for the proceeds of a sale made under state court order in foreclosure of a valid lien, even though the receiver was appointed within four months of bankruptcy, the lan-

guage of the statute here under consideration was interpreted as follows: "Sec. 2, sub. a(21), gives to the bankruptcy court the power in straight bankruptcy proceedings to require 'receivers or trustees appointed in proceedings not under this Act' *within four months of bankruptcy* (1) 'to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act', and (2) 'to account to the court for the disposition by them of the property' of the bankrupt." (Italics supplied.)

Prior to the Act of June 7, 1934, 48 Stat. 911, 923, amending 47 Stat. 1467, which added section 74 relating to compositions and extensions, it was well settled that a court of bankruptcy would not interfere with possession of a state court which had acquired jurisdiction over property for the enforcement of liens not subject to attack because perfected more than four months prior to bankruptcy; and this was true even though the state court proceeding had been instituted within the four months period. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 and cases cited. See also Emil v. Hanley, supra. The weight of authority was also to the effect that an equitable attachment or lien was created by the appointment of a receiver and his taking possession of property in a creditors suit, Freedman's Savings & Trust Co. v. Earle, 110 U.S. 710, 4 S.Ct. 226, 28 L.Ed. 301; John Hetherington & Sons v. Rudisill, 4 Cir., 28 F.2d 713, 717, 62 A.L.R. 377; 14 Am.Jur. 739–740, and that a court of bankruptcy would not interfere with such possession in the case of a receivership instituted more than four months prior to the proceeding in bankruptcy. Clements v. Conyers, 7 Cir., 32 F.2d 5; Neely v. McGehee, 5 Cir., 2 F.2d 853; Blair v. Brailey, 5 Cir., 221 F. 1; Yaryan Naval Stores Co. v. B. Borchardt, 5 Cir., 217 F. 758; In re Heckman, 9 Cir., 140 F. 859. The act of 1934 amending the act of 1933 which added section 74 to the bankruptcy act expressly subjected to the jurisdiction of the bankruptcy court property of the debtor in the possession of a receiver or other officer of a court in a pending cause, "irrespective of the date of appointment of such receiver or other officer, or the date of the institution of such proceedings". 48 Stat. 923; In re Kusel, 7 Cir., 75 F.2d 314; In re Jacobs, D.C., 7 F.Supp. 749. Section 74 was repealed, however, by the act of June 22, 1938, and was incorporated as revised in Chapters X, XI, XII and XIII, 11 U.S.C.A. § 1001 et seq., of that act. 52 Stat. 840. Collier on Bankruptcy vol. 9 appendix p. 1826, note 3. The language heretofore quoted from section 2, sub. a(21) of the last named statute is the language dealing with the power of the court with respect to the matter here involved. It is clear and unambiguous and does not call for tortuous interpretation.

Congress manifestly intended that in railroad reorganizations, corporate reorganizations under Chapter X and real estate arrangements under Chapter XII, in all of which it is imperative that the bankruptcy court have exclusive possession of the property of the bankrupt, the court should have power by summary order to direct receivers, assignees etc. in possession of property belonging to the bankrupt to turn it over for handling by the bankruptcy court, irrespective of the date of the appointment of the receiver or other custodian. In other cases, the intention was that the bankruptcy court should have power to enter such order only if the date of the bankruptcy was within four months of such appointment, the period within which liens may be invalidated by an adjudication of bankruptcy or an involuntary petition may be filed by creditors. Where creditors are limited to the four months period within which to file a petition which will enable the bankruptcy court to take property from the possession of the receiver, the debtor whose insolvency has led to the receiver's appointment should certainly be so limited and we think that this is made perfectly clear by the language of the statute. As was well said by the Court

of Appeals of the Third Circuit in In re Distillers Factors Corp., supra: "The language of Section 2, sub. a(21) leaves little doubt that a non-bankruptcy receivership valid in its inception and of more than four months' duration, whatever its character, is to be tolerated where the federal relief sought is an arrangement."

Questions raised as to the validity of the receivership are so lacking in merit as not to warrant extended discussion. It is not argued that the South Carolina statute under which the receiver was appointed, sec. 10–2301, Code of 1952, is invalid as an attempt on the part of the state to exercise the bankruptcy power and there is manifestly no ground for such contention, as there is no power under the statute to discharge the debtor from its debts and the proceeding is an ordinary equity receivership instituted by a creditor for the conservation of the assets of a corporation alleged to be in imminent danger of insolvency. See International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318; Johnson v. Star, 287 U.S. 527, 53 S.Ct. 265, 77 L.Ed. 473; Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507. As said in Montgomery & Crawford v. Arcadia Mills, 173 S.C. 464, 176 S.E. 589, 599; "* * * a court of equity may order a receivership when a corporation is insolvent, or in imminent danger of insolvency, when such receivership is for the purpose of a bona fide liquidation of the affairs of the corporation, and the protection of the rights of creditors, according to their respective priorities (subdivision 4, § 584, Code of 1932)." There is nothing to the contrary in Southern Trust Co. v. Cudd, 166 S.C. 108, 164 S.E. 428, although the appointment of a receiver in that case was held erroneous. If there was error in the appointment here, which does not appear, it would not be a matter which would subject the appointment to collateral attack in the court of bankruptcy, since the appointing court had jurisdiction of the subject matter and the parties. Cadle v. Baker, 20 Wall. 650, 22 L.Ed. 448; Mutual Reserve Fund Life Ass'n v. Phelps, 190 U.S. 147, 159, 23 S.Ct. 707, 47 L.Ed. 987; Phelps v. Mutual Reserve Fund Life Ass'n, 6 Cir., 112 F. 453, 462–463, 61 L.R.A. 717; Commercial Nat. Bank v. Burch, 141 Ill. 519, 31 N.E. 420, 421, 33 Am.St.Rep. 331; 333; International Harvester Co. v. W. C. Hemingway & Co., 137 S.C. 124, 134 S.E. 530, 45 Am.Jur. 98.

We quite agree that under the circumstances here there would be no reason to allow the filing of a Chapter XI proceeding in the bankruptcy court while the property is allowed to remain in the hands of the state court receiver, but the result is, not that the turn over order should be sustained, but that the Chapter XI proceeding should be dismissed. See In re Distillers Factors Corp. supra. If it is desired to reorganize the corporate business which has been in receivership more than four months, a Chapter X proceeding can be filed to which the four months limitation on turn over orders will not apply. The order appealed from will accordingly be reversed and the cause will be remanded to the court below for such further action as may be appropriate in the premises.

Reversed and remanded.