In the Matter of
**MARTIN WITTSTEIN,** Assignor
Miscellaneous No. 12 — 1958
District Court of the Virgin Islands
Div. of St. Thomas and St. John
August 4, 1958

*See, also, 166 F. Supp. 122*

WILLIAM H. D. COX, Charlotte Amalie, Virgin Islands, *for Martin Wittstein, assignor*

MAAS AND BAILEY AND BIRCH AND MADURO, Charlotte Amalie, Virgin Islands, *for the creditors*

MARIS, *Circuit Judge*

The assignor, Martin Wittstein, filed in this court on July 31, 1958, an assignment of all his property for the benefit of his creditors naming the clerk of the district court as assignee. Chapter 87, comprising sections 1201 to 1232, of Title 5 of the Virgin Islands Code, refers to and regulates such general assignments for the benefit of creditors. The assignor has moved the court for an order fixing a date for a meeting of creditors in accordance with the directions of section 1208. Before considering the motion I must determine whether chapter 87 of Title 5 is presently operative or whether its operation is now suspended by virtue of the Federal Bankruptcy Act, 11 U.S.C. § 1 et seq., which this court has recently held to be in force in this Territory. Christensen v. Donovan, D.C.V.I. 1958, 3 V.I. 370, 163 F. Supp. 892.

■ ■ A state or territorial insolvency statute which conflicts with the Federal Bankruptcy Act is superseded and its operation is suspended as to persons or subject matter covered by the federal Act so long as the latter is in force. Sturges v. Crowninshield, 1819, 4 Wheat. 122, 17 U.S. 122, 4 L. Ed. 529; Ogden v. Saunders, 1827, 12 Wheat. 213, 25 U.S. 213, 6 L. Ed. 606. But the local statute is suspended only to the extent of actual conflict with the Federal Bankruptcy Act. Stellwagen v. Clum, 1918, 245 U.S. 605, 613, 38 S. Ct. 215, 62 L. Ed. 507. See also 6 Am. Jur. Bankruptcy § 11; 8 C.J.S. Bankruptcy § 14. Accordingly, if the local act provides for the severability of its provisions if some of them are found to be invalid, then only those provisions which are repugnant to the Federal Bankruptcy Act are suspended. In re Wisconsin Builders

Supply Co., 7 Cir. 1956, 239 F.2d 649, cert. den. 353 U.S. 985, 77 S. Ct. 1286, 1 L. Ed. 2d 1143. Such a severability provision is contained in section 51 of Title 1 of the Virgin Islands Code.

██ In discussing the somewhat similar Pennsylvania Act of 1901, 39 P.S. § 1 et seq., regulating assignments for the benefit of creditors Justice Linn, speaking for the Supreme Court of Pennsylvania in Fidelity Trust Co. v. Union Nat. Bank of Pittsburgh, 1933, 313 Pa. 467, 169 Atl. 209, cert. den. 291 U.S. 680, 54 S. Ct. 530, 78 L. Ed. 1068 said: [313 Pa. 467, 485-486, 169 Atl. 209, 217]:

". . . The right, solvent or insolvent, to make a voluntary assignment for creditors is not dependent on statute, but is an incident of ownership. Assignment for the benefit of others creates a trust which would be administered on equitable principles in the absence of statute. Legislative provision for the administration of such assignment is therefore not necessarily an encroachment on the federal field; whether it is or not depends on the text of the statutes; that is also true of the administration of preferences. Provisions for the discharge of an insolvent from liability for his debts are in a different category (Hanover Nat. Bank v. Moyses, 186 U.S. 181, 185 et seq., 22 S. Ct. 857, 46 L. Ed. 1113) and are within the scope of the bankruptcy legislation. . . .

"The provisions of the Act of 1901 regulating the administration of voluntary assignments for creditors are separable from its bankruptcy provisions. Provisions for discharge, for example, are necessarily inoperative so long as the Bankruptcy Law is in existence. Boese v. King, 108 U.S. 379, 384, 387, 2 S. Ct. 765, 27 L. Ed. 760; Stellwagen v. Clum, 245 U.S. 605, 615, 38 S. Ct. 215, 62 L. Ed. 507; International Shoe Co. v. Pinkus, 278 U.S. 261, 266, 49 S. Ct. 108, 73 L. Ed. 318; Pobreslo v. Boyd Co., 287 U.S. 518, 525, 53 S. Ct. 262, 77 L. Ed. 469; Johnson v. Star, 287 U.S. 527, 53 S. Ct. 265, 77 L. Ed. 473. The state law is not suspended by the fact that a voluntary assignment for creditors may be an act of bankruptcy, and, in some circumstances, set the Bankrupt Act in motion. Randolph v. Scruggs, 190 U.S. 533, 537, 23 S. Ct. 710, 47 L. Ed. 1165; the subject is fully treated in Pobreslo v. Boyd Co. and Johnson v. Star, supra. We are of

opinion that the provisions for the administration of voluntary assignments for creditors are, and have been, effective ever since the passage of the act, and that only the provisions covering matters comprehended within the Bankrupt Law have been and are suspended."

The principles thus enunciated are equally applicable to chapter 87 of Title 5 of the Virgin Islands Code. Obviously section 1232 of Title 5, which empowers this court to discharge the assignor from his debts, is inoperative so long as the Federal Bankruptcy Act remains in force. Moreover, since section 3 of the Bankruptcy Act, as amended, 11 U.S.C. § 21, provides that the making of a general assignment for the benefit of creditors is an act of bankruptcy, it is equally clear that an involuntary petition in bankruptcy may be filed against this assignor within four months after the date on which he filed his assignment, in which case the ensuing bankruptcy proceeding would supersede the present assignment proceeding. Stellwagen v. Clum, 1918, 245 U.S. 605, 38 S. Ct. 215, 62 L. Ed. 507; Bankruptcy Act, § 70 (a) (8), 11 U.S.C. § 110 (a) (8); Florence Trading Corporation v. Rosenberg, 2 Cir. 1942, 128 F.2d 557; 6 Am. Jur. Bankruptcy § 1011; 8 C.J.S. Bankruptcy § 227. Recognizing that section 1232 and perhaps other sections of chapter 87 of Title 5 of the Code are not presently operable as to the assignor, I am nonetheless satisfied that section 1208, which provides for a meeting of creditors, and those other sections which regulate the administration and sale of the assigned property and its distribution to the assignor's creditors are not in conflict with the federal Bankruptcy Act and are, therefore, presently enforceable. Accordingly, the assignor is entitled to have a date fixed for a meeting of his creditors pursuant to section 1208. I think, however, that this should be done by the district court commissioner, pursuant to a general reference.

An order will accordingly be made referring this pro-

ceeding to the district court commissioner for the division of St. Thomas and St. John to perform the duties and exercise the powers conferred upon the court in such matters subject to review by the judge if requested by any party, as provided in section 36 (5) of Title 4 of the Virgin Islands Code.