**ROY SYLVESTER PARROTT, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

Civ. App. No. 1998-152

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 29, 1999

ADAM G. CHRISTIAN, ESQ., St. Thomas, U.S.V.I., *for Appellant*

MAUREEN PHELAN CORMIER, ESQ., Assistant Attorney General, St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*

### OPINION OF THE COURT

PER CURIAM.

Appellant Roy Sylvester Parrott ["Parrott"] contends that the Territorial Court erred in dismissing, without prejudice, his Petition for Writ of Habeas Corpus filed under V.I. CODE ANN. tit. 5,

§ 1301. As "the habeas petition is civil in nature,"[1] the Appellate Division will exercise its authority to review this civil order of the Territorial Court under 4 V.I.C. § 33.

## FACTUAL SUMMARY

Twenty-three years ago, a jury in the District Court of the Virgin Islands convicted Parrott of two Territorial offenses, namely, first degree murder, 14 V.I.C. § 922, and possession of an unlicensed firearm, 14 V.I.C. § 2253. After Parrott received a sentence of life imprisonment without the possibility of parole for the murder charge, he twice petitioned the District Court for a writ of habeas corpus. In 1985, the District Court denied his first application for relief under 28 U.S.C. § 2255,[2] and in 1997, the District Court transferred his second application to the Court of Appeals for the Third Circuit,[3] where it was denied. (*See* Appellant's Br. at 5.)

Parrott then sought relief under the Territorial habeas corpus law, 5 V.I. C. §§ 1301-25, by filing a new petition in the Territorial Court. The Territorial Court dismissed his petition "without prejudice to refile in the District Court" as follows:

> For the Territorial Court to entertain petitioner's petition for writ of habeas corpus would undoubtedly create a jurisdictional quagmire, and this Court shall defer to the decisions previously entered by the federal courts. While this Court agrees that it has the inherent authority to issue writs of habeas corpus, that authority is limited with respect to prisoners sentenced and confined by this Court pursuant to its expanded jurisdiction (emphasis added). *Joseph v. de Castro*, D.C.V.I. 1992, 27 V.I. 297, 805 F. Supp. 1242, *aff'd*, (3d Cir. 1993) [sic]. Likewise, the District Court, acting in its former capacity as a local territorial court, is the most appropriate forum to act with respect to habeas petitions by prisoners convicted, sentenced and confined by the District Court on local crimes.

---

[1] *Joseph v. de Castro*, 27 V.I. 297, 301, 805 F. Supp. 1242, 1245 (D.V.I. App. Div. 1992).

[2] *See Parrott v. Government of the Virgin Islands*, Civ. No. 1984-122, slip. op. at 3 (D.V.I. Jan. 8, 1985).

[3] *See Parrott v. Government of the Virgin Islands*, Civ. No. 1997-068 (D.V.I. Order filed Aug. 12, 1997).

*Parrott v. Government of the Virgin Islands*, Misc. No. 58/1998, slip op. at 3, 5 (Terr. Ct. July 17, 1998). Parrott instituted a timely appeal of this decision.

### DISCUSSION

Parrott argues that the trial judge erred in dismissing his habeas corpus petition because, after recent amendments to the *Virgin Islands Code*, the Territorial Court has sole jurisdiction over petitions founded on 5 V.I.C. § 1301. We exercise plenary review over questions of jurisdiction and statutory construction. *See Ross v. Bricker*, 26 V.I. 314, 318, 770 F. Supp. 1038, 1042 (D.V.I. App. Div. 1991).

Our analysis begins with the observation that, at present, the District Court of the Virgin Islands is not a "District Court of the United States" established under Article III of the United States Constitution. *See Spink v. General Accident Ins. Co.*, 36 F. Supp. 2d 689, 691 n.6 (D.V.I. 1999). Congress founded the District Court under Article IV, section 3 of the Constitution, and has occasionally employed that provision to alter the jurisdiction of the Virgin Islands courts. *See generally In re Jaritz Indus., Ltd.*, 36 V.I. 225, 240-44, 207 B.R. 451, 459-62 (D.V.I. 1997), overruled on other grounds, 151 F.3d 93 (3d Cir. 1998).

Fifteen years ago, Congress modified the District Court's jurisdiction by giving the court general jurisdiction over "all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands."[4] It also authorized the Virgin Islands Legislature to vest the Territorial Court with jurisdiction over most actions not entrusted to the exclusive jurisdiction of the District Court.[5] The Legislature eventually vested the Territorial Court with original jurisdiction over all civil actions founded on local law. *See* 4 V.I.C. § 76(a). These

---

[4] *See* Revised Organic Act § 22(b), 48 U.S.C. § 1612(b) (1998) [hereinafter "Rev. Org. Act"]. The complete Revised Organic Act is located at 48 U.S.C. §§ 1541-1645 (1994), *reprinted in* V.I. Code Ann. 73-177, Historical Documents (1995 & Supp. 1998) (preceding Title One of *Virgin Islands Code*).

[5] *See* Rev. Org. Act § 21(b) (permitting Legislature to rescind District Court's jurisdiction over local actions, "subject to the concurrent jurisdiction conferred on the District Court by section 22(a) and (c)" of the Revised Organic Act).

changes "effectively converted the District Court of the Virgin Islands to a court with the limited jurisdiction of a United States district court," divesting the District Court of its non-diversity jurisdiction over local civil actions. *See In re Jaritz Indus., Ltd.,* 36 V.I. at 242, 207 B.R. at 461; *see also Spink,* 36 F. Supp. 2d at 691 (noting that District Court may reach issues of local civil law only under its federal diversity jurisdiction).

Although the emergence of separate local and federal judiciaries in the Virgin Islands is a salutary development, our legal institutions and laws have experienced some growing pains. "[A] great deal of time, energy and effort [has been] spent in determining this Court's jurisdiction . . . . since the Virgin Islands Government passed laws divesting this Court of its original jurisdiction over local matters." *In re Jaritz Indus., Ltd.,* 36 V.I. at 240, 207 B.R. at 459-60. Further, since Virgin Islands law designates the District Court as the forum to review local administrative adjudications, numerous Territorial laws were impliedly repealed or amended when the Legislature conferred original jurisdiction over local civil actions on the Territorial Court.[6]

Like those administrative review statutes, the Virgin Islands habeas corpus statute designates the District Court, not the Territorial Court, as the forum for this local civil action. The statute declares that "the writ of habeas corpus may be granted by the *district court,* upon petition by or on behalf of any person restrained of his liberty." 5 V.I.C. § 1303 (emphasis added). As the "great writ" is a civil remedy, it has been argued that the Legislature impliedly repealed the District Court's authority to grant writs of habeas corpus when it eliminated that tribunal's jurisdiction over local civil actions.

---

[6] *See Tamarind Resort Assocs. v. Government of the Virgin Islands,* 39 V.I. 485, 138 F.3d 107, 114 (3d Cir. 1998) (concluding that 4 V.I.C. § 76(a) effectively repealed 12 V.I.C. § 913(d), eliminating District Court's power to review decisions of Virgin Islands Coastal Zone Management Commission); *Moravian Sch. Advisory Bd. v. Rawlins,* 33 V.I. 280, 285, 70 F.3d 270, 273 (3d Cir. 1995) (holding that Legislature's alteration of 4 V.I.C. § 76(a) removed district court's authority to issue writs of review under 5 V.I.C. § 1423); *see also Brow v. Farrelly,* 28 V.I. 345, 358 n.7, 994 F.2d 1027, 1035 n.7 (3d Cir. 1993) ("The drafting of the legislative provision for expansion of the jurisdiction of the Territorial Court . . . has unfortunately spawned other inconsistencies with the Revised Organic Act.").

■ This repeal, however, would conflict with section 3 of the Revised Organic Act, which states:

All persons shall have the privilege of writ of habeas corpus and the same shall not be suspended except as herein expressly provided. . . . All laws enacted by the territorial legislature of the Virgin Islands which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency.[7]

Any implicit repeal of the District Court's limited jurisdiction over local habeas petitions presented by prisoners convicted in that court of local crimes[8] would prohibit prisoners convicted of purely local offenses in the Trial Division of the District Court from seeking the "privilege of [the] writ." Just as state courts cannot evaluate habeas claims presented by prisoners who were convicted in federal court, the Territorial Court of the Virgin Islands cannot review convictions entered in District Court. Section 23 of the Revised Organic Act states:

The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to . . . the issuance of writs of habeas corpus . . . shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings[.]

Rev. Org. Act § 23. To construe Title 4, section 76 of the *Virgin Islands Code* as impliedly repealing the authority of the District Court to grant writs of habeas corpus under 5 V.I.C § [130] would thus violate section 3 of the Revised Organic Act by prohibiting

---

[7] Rev. Org. Act § 3; see also U.S. Const. art. I, § 9 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

[8] The District Court presently retains concurrent criminal jurisdiction over local crimes. *See* Rev. Org. Act § 22(c). The Appellate Division previously has stated that the District Court should review local habeas petitions submitted by prisoners convicted in that court of local crimes "until jurisdiction over local crimes is vested [exclusively] in the local judicial system.' *See Joseph*, 27 V.I. at 312, 805 F. Supp. at 1252.

defendants convicted in the District Court from seeking writs of habeas corpus from the court of conviction. Leaving the District Court with limited jurisdiction over habeas petitions from those prisoners, on the other hand, would keep the relation of the District Court and Territorial Court in compliance with section 23 of the Revised Organic Act.

■■ Employing the general severability provision of the *Virgin Islands Code*, 1 V.I.C. § 51,[9] the Appellate Division must nullify 4 V.I.C. § 76's implicit divestiture of the District Court's jurisdiction over local habeas petitions presented by prisoners convicted in the District Court of local crimes. Section 3 of the Revised Organic Act requires that we preserve access to the "great writ" for every Virgin Islands prisoner by permitting the District Court to review local habeas corpus petitions submitted by those convicted in that court. The Territorial Court retains concurrent jurisdiction over the Virgin Islands habeas corpus statute.[10] We will affirm its dismissal of the appellant's petition based on the Revised Organic Act, which was enacted by Congress to operate as the Constitution of the Virgin Islands,[11] and not merely on the grounds of comity and judicial economy advanced below.

DATED this 29th day of June, 1999.

## ORDER OF THE COURT

AND NOW, this 29th day of June, 1999, having considered the parties' submissions, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

ORDERED that the judgment of the Territorial Court is AFFIRMED.

---

[9] This statute provides that "any Act or statute of the Virgin Islands which can be given effect without [an] invalid provision or application" shall be enforced, and only the repugnant provision will be suspended. 1 V.I.C. § 51; *see also In re Wittstein*, 3 V.I. 374, 376-77, 166 F. Supp. 122, 123-24 (D.V.I. 1958).

[10] This Court previously has held that the Territorial Court possesses authority to grant writs of habeas corpus under Territorial law. *See Joseph*, 27 V.I. at 311, 805 F. Supp. at 1251 ("under the laws of the Virgin Islands[,] subject matter jurisdiction exists in the Territorial Court to issue a writ of habeas corpus in this case[,] which involves the post-conviction treatment of a prisoner not sentenced under its auspices").

[11] *See In re Jaritz Indus., Ltd.*, 36 V.I. at 227 n.2, 207 B.R. at 453 n.2.