In the Matter of CUSTODY AND
CONTROL OF Shane and Kayla
MURPHY, Minors.

Frederick Handleman,
Appellant/Petitioner,

v.

Denis P. Walsh and Brigette Walsh,
Appellees/Intervenors,

Terrence Murphy, Appellee/Intervenor.

No. DC Civ.App. 2000–016.

District Court,Virgin Islands,
Appellate Division,
D.St. Thomas.

Argued May 25, 2000.

Decided June 15, 2000.

Frederick Handleman, St. Thomas, VI,
pro se.

John Benham, Watts & Benham, St.
Thomas, VI, for Denis Walsh, Brigette
Walsh.

Elizabeth Clark, Dudley, Clark & Chan,
St. Thomas, VI, Guardian Ad Litem for
Shane and Kayla Murphy.[1]

## MEMORANDUM

PER CURIAM.

## I. INTRODUCTION

The sole question before the Court is
whether the Territorial Court has subject
matter jurisdiction to modify a child custo-
dy decree issued in 1994 by a New Jersey
state court. The Court heard argument
on the issue on May 25, 2000. For the
reasons set forth below, the Court requires
further information from the trial court
before it can render a final decision.

---

**1.** Attorney Veronica J. Handy represented
Terrence Murphy in the proceedings below.
Having advised the Court that she did not
have Mr. Murphy's permission to participate
in this appeal and had not entered an appear-
ance, Attorney Handy did not appear for ar-
gument before the Court or otherwise partici-
pate in this appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Lorraine Handleman, the deceased wife of the appellant Frederick Handleman, previously was married to Terrence Murphy ["Murphy"]. Lorraine Handleman and Murphy had two children, Shane and Kayla Murphy ["minor children"], now sixteen and fourteen years old, respectively. Following their divorce in 1992, a state court in New Jersey awarded Lorraine Handleman and Murphy joint custody. Lorraine Handleman married Frederick Handleman in 1994 and petitioned the New Jersey state court for a change in custody. The court granted the motion and modified the custody award, giving sole custody to Lorraine Handleman and granting her permission to move with the minor children to the Virgin Islands, which she did in 1994. In September, 1997, Lorraine and Frederick Handleman filed a petition in the Family Division of the Territorial Court of the Virgin Islands seeking joint custody of the minor children. Lorraine Handleman succumbed to cancer three days after filing the petition. The Territorial Court awarded Handleman temporary custody of the minor children pending the resolution of the case.

The Territorial Court permitted both the maternal grandparents of the minor children, Denis and Brigette Walsh ["Walshes" or "appellees"], and Murphy, the biological father of the minor children, to intervene. On December 17, 1999, the Family Division judge granted the Walshes' motion to dismiss, ruling that the Territorial Court lacked jurisdiction to alter the 1994 child custody determination made by the New Jersey state court. The judge later denied Handleman's motion to stay. Handleman timely filed a notice of appeal and requested that this Court stay the Territorial Court's judgment. On February 29, 2000, we granted the stay and ordered that Handleman retain temporary custody of the minor children.

## I. DISCUSSION

■ This Court exercises plenary review over questions of jurisdiction and statutory construction. *See Parrott v. Government of the Virgin Islands*, 56 F.Supp.2d 593, 594 (D.V.I.App.Div.1999), *appeal docketed*, No. 99–3688 (3d Cir. July 20, 1999).

The Virgin Islands has adopted the Uniform Child Custody Jurisdiction Act ["UCCJA"], codified at 16 V.I.C. §§ 115–139, to govern all questions concerning a child custody determination. Sections 117 and 118 are the key provisions addressing a court's jurisdiction. Section 128 specifically authorizes the Family Division to modify a custody decree of another state:

> (a) If a court of another state has made a custody decree, a court in this territory shall not modify that decree unless:
>
> (1) it appears to the court in this territory that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree; *and*
>
> (2) the court in this territory has jurisdiction.

16 V.I.C. § 128(a) (emphasis added). Thus, the questions before the Territorial Court were whether it has jurisdiction over the Handlemans' 1997 petition and whether it appears that the New Jersey state court did not have continuing jurisdiction over the custody of the minor children *in 1997* when the Handlemans filed the petition.

The jurisdictional prerequisites for the Territorial Court are set forth in section 117 of Title 16:

> (a) A court in the Virgin Islands which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or *modification* decree if:
>
> (1) The Virgin Islands:

(A) is the home of the child at the time of commencement of the proceeding; *or*

(B) had been the child's home within six months before commencement of the proceeding and the child is absent from this territory because of his removal or retention by a person claiming his custody or for other reasons and a parent or person acting as parent continues to live in this territory; *or*

(2) it is in the best interest of the child that a court in this territory assume jurisdiction because:

(A) the child and his parent, or the child and at least one contestant, have a significant connection with this territory; and

(B) there is within the jurisdiction of the court in this territory substantial evidence concerning the child's present or' future care, protection, training, and personal relationships; *or*

(3) the child is physically present in this territory, and:

(A) the child has been abandoned; or

(B) it is necessary in an emergency to protect the child; *or*

(4) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this territory is the more appropriate forum to determine the custody of the child; and

(A) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a) of this section, physical presence in this territory of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court in this territory to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

The Territorial Court clearly has jurisdiction over the Handlemans' petition for joint custody filed on September 12, 1997. On that date, the Virgin Islands was the home of the minor children and they had resided in the Virgin Islands since 1994, well over the six months required by the statute. These facts are undisputed and clearly give the Territorial Court jurisdiction under subsection 117(a)(1). Furthermore, the minor children were physically present in the Virgin Islands and the sudden death of their mother necessitated emergency protection of the minor children by the Territorial Court under subsection 117(a)(3).

Having found that the Territorial Court has jurisdiction pursuant to 16 V.I.C. § 128(a)(2), we turn to the other prong of section 128(a) to determine whether the Family Division judge can modify the 1994 New Jersey state court custody decree. From the record, it seems clear that the New Jersey court did not and will not decline to assume jurisdiction.[2] The trial judge, therefore, can modify that decree if

**2.** *See, e.g.,* Order, *Walsh v. Handleman,* Docket No. FD 19–274–00 (N.J.Super.Ct.Ch.Div. Mar. 6, 2000) (attached to Appellees Denis & Brigitte Walsh's Information Filing Pursuant to Order of the New Jersey Superior Court.) The New Jersey court appears to have disregarded the appellate process of the Virgin Islands. The order recites that a judge of the New Jersey state court contacted the Territorial Court long after the Territorial Court was divested of jurisdiction by operation of the notice of appeal. The order also purports to give directives to agencies of the government of the Virgin Islands. The Court is unaware of any provision of law authorizing a New Jersey state court to exercise jurisdiction in the United States Virgin Islands.

However the New Jersey state court may misapprehend the territorial scope of its jurisdiction, nothing can excuse the flagrant disregard exhibited by the Walshes and their Virgin Islands counsel of this Court's order staying the Territorial Court judgment and continuing Handleman as the minor children's temporary legal custodian.

it appears that the New Jersey court "which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter [16 V.I.C. § 117]." Fortunately, the jurisdictional requirements of New Jersey's UCCJA are identical to those of the Virgin Islands.[3]

When we look to 16 V.I.C. § 117, we find it undisputed in the record that New Jersey cannot claim jurisdiction based on subsections 117(a)(1), (3), or (4), or the equivalent New Jersey statute, N.J.STAT. ANN. §§ 2A:34–31(a)(1), (3), or (4). As noted previously, the minor children have resided in the Virgin Islands for approximately six years and it was their home at the time the Handlemans petitioned the

Territorial Court in 1997, *see* 16 V.I.C. § 117(a)(1),[4] the children remain physically present in the Virgin Islands and the sudden death of their mother required emergency action, *see id.* § 117(a)(3),[5] and the Virgin Islands has jurisdiction which it does not decline to exercise, *see id.* § 117(a)(4).[6] The only possible basis for the New Jersey state court to claim continuing jurisdiction is under its equivalent of subsection 117(a)(2).[7]

The Territorial Court also must take into consideration and apply the federal statute on point, the Federal Parental Kidnaping Prevention Act ["PKPA"], 28 U.S.C. § 1738A.[8] Under the terms of the PKPA,

**3.** The New Jersey statute equivalent to 16 V.I.C. § 117 provides:

> a. The Superior Court of the State of New Jersey has jurisdiction to make a child custody determination by initial or modification decree if:
> (1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or
> (2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
> (3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
> (4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

> b. Except under paragraphs (3) and (4) of subsection a., physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.
> c. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
> N.J.STAT.ANN. § 2A:34–31.

**4.** *See also id.* § 2A:34–31(a)(1).

**5.** *See also id.* § 2A:34–31(a)(3).

**6.** *See also id.* § 2A:34–31(a)(4).

**7.** *See also id.* § 2A:34–31(a)(2).

**8.** Congress adopted the PKPA to address the growing problem of parents removing children from a jurisdiction in violation of a court custody order, concealing the children in another jurisdiction, and then attempting to have the second jurisdiction relitigate the custody issue. Act of Dec. 28, 1980, Pub.L. No. 96–611, § 7, 94 Stat. 3566, 3568 (*cited in* 28 U.S.C.A. § 1738A). Although the purpose of the PKPA is not applicable to the instant facts, courts have interpreted the PKPA as applying to all child custody determinations where two jurisdictions claim to have jurisdiction. *See, e.g., Thompson v. Thompson,* 484 U.S. 174, 177, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (describing PKPA as a full faith and credit statute for child custody determinations); *Flood v. Braaten,* 727 F.2d 303, 309 (3d Cir. 1984) (same); *Barndt v. Barndt,* 397 Pa.Super. 321, 580 A.2d 320, 325 (1990) (noting that title of PKPA is "misleading and unfortu-

[t]he jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

28 U.S.C. § 1738A(d). The incorporated subsection (c)(1) provides that a "child custody determination made by a court of a State is consistent with the provisions of [section 1738A] only if such court has jurisdiction under the law of such State." As already noted, section 2A:34–31 of the New Jersey Code, addressing when "the Superior Court of the State of New Jersey has jurisdiction to make a child custody determination by initial or modification decree," is identical to 16 V.I.C. § 117, except for references to "State" as opposed to "territory" or "Virgin Islands."[9] Accordingly, the PKPA and the UCCJA bring us to the same conclusion, namely, the only basis for continuing jurisdiction to be found in New Jersey is as set forth in its equivalent statute to 16 V.I.C. § 117(a)(2), *i.e.*, N.J.S.A. § 2A:34–31(a)(2).

After a thorough review of the record, we conclude the Territorial Court needs to supplement its findings of fact by determining whether the children have a "significant connection" with New Jersey and whether "substantial evidence concerning the [minor children's] present or future care, protection, training, and personal relationships" is available in New Jersey. *See* N.J.S.A. § 2A:34–31(a)(2); *see also* 16 V.I.C. § 117(a)(2). We note that the jurisdiction of the New Jersey state court at the time it issued the modified custody decree in 1994 is irrelevant to a determination of whether it continued to have jurisdiction over the matter in September, 1997, as is required by both 16 V.I.C. § 128(a)(1) and 28 U.S.C. § 1738A(d).[10] While the New Jersey state court's order of June 17, 1994, granted Lorraine Handleman sole custody of the minor children and permitted her "to remove the two minor children of the marriage . . . from the State of New Jersey to the United States Virgin Islands to **permanently** reside in such location with her and her husband," it also purported to retain jurisdiction, stating that "jurisdiction over this case will remain in the Superior Court of New Jersey." (*See* Order, *Murphy v. Murphy*, Docket No. FM–08441–92 (N.J.Super.Ct.Ch.Div. June 17, 1994) ["1994 Order"], included in Appendix ["App."] at 162–64 (emphasis added).) New Jersey law does not authorize one of its courts to retain jurisdiction other than as provided by the UCCJA and the PKPA. We reject the assertion of the Walshes that the New Jersey state court's initial jurisdiction to make a child custody determination continued for all time.

We reiterate that the only basis on which the New Jersey state court could have retained jurisdiction to determine the custody of the minor children in 1997 is under N.J.S.A. § 2A:34–31(a)(2). *See also* 16 V.I.C. § 117(a)(2). The issue is narrow but of paramount importance, namely, whether the best interests of the minor children justify New Jersey's continued exercise of jurisdiction over children who undisputedly have resided in the Virgin

---

nate, as it was by no means limited to criminal matters relating to kidnapping").

9. *See supra* note 3 (setting forth N.J.S.A. § 2A:34–31).

10. The Territorial Court's emphasis on the New Jersey state court's jurisdiction in 1994 appears to stem from a misapprehension that it did not have "jurisdiction to modify another state's custody decree and make a permanent custody determination if the issuing court of

that state had jurisdiction to issue the original decree; has not declined to exercise its jurisdiction over the action; and one or more contestants continues to live in that other state." (Memorandum Op., *In the Matter of the Custody & Control of Shane Murphy and Kayla Murphy*, Terr.Ct.Fam. No. C36/1997, at 10 (Dec. 19, 1999).) As outlined in text above, only the New Jersey state court's continuing jurisdiction as of September, 1997, can bar the Territorial Court from modifying the New Jersey custody decree.

Islands, their "home state," for six years, who attend school here, who have centered all aspects of their day-to-day lives in the Virgin Islands, and who, it appears, have available in the Virgin Islands substantial evidence of their present and "future care, protection, training, and personal relationships."

Accordingly, the Court will remand to the Territorial Court for a factual finding of whether it is in the best interest of the minor children for the New Jersey state court to continue to assume jurisdiction because the minor children still "have a significant connection" with New Jersey and there still is "substantial evidence concerning [their] present or future care, protection, training, and personal relationships" in New Jersey.

## II. CONCLUSION

■ As noted in the Court's order granting a stay of the Territorial Court judgment, the public interest of the Virgin Islands demands that the litigation concerning the custody of these minor children occur in the jurisdiction with which the children have the "closest connection and where significant evidence concerning [their] care, protection, training, and personal relationships is most readily available," 16 V.I.C. § 115(a)(1)(3), and in the jurisdiction that will most adequately serve the best interests of the minor children, *id.* § 115(a)(2).

Since the record is not adequate for this Court to decide whether the Territorial Court can exercise its jurisdiction and modify the 1994 child custody decree entered by a New Jersey state court, we will remand the matter to the Territorial Court for the limited purpose of additional fact finding as described *supra.* The Court also will retain jurisdiction over this appeal.[11]

11. Following the Territorial Court's findings of fact, the case will return to this panel of the

As we issue this opinion, it has come to our attention that the New Jersey state court has issued an order directing that the minor children be "transported to New Jersey on or before June 26, 2000," so that the children may meet with a psychologist and the guardian ad litem appointed by the New Jersey court. (*See* Order, *Walsh v. Handleman,* Docket No. FM–08441–92 (N.J.Super.Ct.Ch.Div. June 9, 2000).) As explained in this opinion, we cannot agree at this point with the New Jersey state court's assertion that it has jurisdiction to resolve this matter. Accordingly, we will direct the parties that the minor children shall remain in the Virgin Islands until the issue of jurisdiction as discussed herein is resolved.

At the heart of this appeal and what cannot be lost amongst the labyrinth of procedural jurisdictional rules is the interests of the minor children who have experienced the loss of their mother and who are now facing uncertainty and potential upheaval of their lives as they have known them for the past six years. The Court implores all parties to this action to remember this during these further proceedings. An appropriate order follows.

### ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** that the Territorial Court shall submit findings of fact to this Court on the following question: based on the circumstances present in September, 1997, whether it is in the best interest of the minor children for the New Jersey state court to continue to assume jurisdiction because the minor children still "have a significant connection" with New Jersey and there still is "substantial evidence concerning [their] present or future care, protection, training, and personal relationships" in New Jersey. The Territorial

Appellate Division for final decision.

Court shall make these findings in accordance with the accompanying memorandum of even date. It is further

**ORDERED** that the parties shall **IMMEDIATELY** notify this Court if any transcripts are necessary for the Court to conduct its review once the Territorial Court renders its findings. All filings shall be made bearing the caption as shown above. The case shall continue to be heard by this Appellate Panel. It is further

**ORDERED** that the Court's Order dated February 29, 2000, which stayed the December 19, 1999, judgment of the Territorial Court and directed that Frederick Handleman retains temporary legal custody of Shane and Kayla Murphy, remains in effect. It is further

**ORDERED** that the minor children shall remain in the Virgin Islands until the issue of jurisdiction raised in this appeal is resolved.