IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
February 08, 2021
ST-2020-MC-00023
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
**************

| | |
|---|---|
| JOEL B. DOWDYE, ) | **CASE NO. ST-2020-MC-00023** |
| Petitioner, ) | |
| ) | **PETITION FOR WRIT OF** |
| -vs- ) | **HABEAS CORPUS** |
| ) | |
| WYNNIE TESTAMARK, DIRECTOR OF ) | |
| THE U.S.V.I. BUREAU OF CORRECTIONS, ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, ) | |
| ) | |
| Respondents. ) | |

Cite as: 2021 VI Super 14U

## MEMORANDUM OPINION AND ORDER

### I.     INTRODUCTION

¶1     Pending before the Court is Joel B. Dowdye's ("Dowdye") pro se Petition for Writ of Habeas Corpus, filed on June 18, 2020. Having considered the Petition, the Court finds that it does not require an informal response from Respondents as provided by Rule 2(c) of the Virgin Islands Habeas Corpus Rules.[1]

¶2     In his Petition, Dowdye asserts a myriad of claims, including some that overlap with his prior appeals. Likewise, he raises secondary issues, all of which the Court concludes are without merit. Dowdye asserts that the Court should grant him habeas relief for the following reasons: 1) he was denied the right to a fair trial with an impartial jury because two jurors should have been removed for cause; 2) he had ineffective assistance of counsel; and 3) his 6th and 14th Amendment rights were violated due to prosecutorial misconduct.

¶3     The Court determines that Dowdye's arguments fail to state a *prima facie* case that would entitle him to relief. Accordingly, the Court will deny his Petition for the reasons set forth below.

### II.     BACKGROUND AND PROCEDURAL HISTORY

¶4     The Court will only briefly recount the most salient facts for this matter given that extensive recitation of the factual background has been reported in prior opinions.[2]

---

[1] Pursuant to Virgin Islands Habeas Corpus Rule 2(c), "the Court may – in the exercise of its discretion – request an informal response" from Respondents.

[2] *See Dowdye v. People*, 55 V.I. 736, 743–50 (V.I.2011); *See also Dowdye v. People*, 60 V.I. 806, 809 (2014).

¶5     On March 25, 2006, Joel Dowdye was arrested and charged in an eight-count Information[3] for the murder of Sherrette James, his former girlfriend, and wounding Daren Stevens at the Bunker Hill Guest House on St. Thomas. "Dowdye's arrest report noted a tattoo on Dowdye's person that was known to be associated with Freemasonry or Mason organizations. Mindful of Dowdye's alleged Mason association, the Superior Court conducted an extensive *voir dire* of the jury array regarding any membership or relationship with the Masons and other affiliated organizations that potential jurors may have."[4]

¶6     The jury found Dowdye guilty on all counts and, as required by Title 14 V.I.C. § 923, he was sentenced to life imprisonment without parole for the first-degree murder conviction. In 2011, the V.I. Supreme Court reviewed Dowdye's appeal concerning the *voir dire* procedure employed by the trial court and the trial court's removal of a juror prior to jury deliberations.[5] The Supreme Court remanded the matter for the Superior Court to conduct a *Remmer* hearing and make specific findings regarding the trial judge's removal of the juror for alleged misconduct. After the Superior Court conducted the hearing and entered its findings of fact and conclusions of law concluding that the removal and replacement of the juror was "appropriate, justified, and not an abuse of discretion,"[6] Dowdye appealed again. In 2014, the Supreme Court affirmed the Superior Court's ruling.[7]

¶7     Prior to the instant Petition, on July 15, 2016, Dowdye filed a Petition for Habeas Corpus Relief and later filed an Amended Petition on November 17, 2017[8] in which he largely challenged the legality of his sentence. The Court granted the Petition and held an evidentiary hearing on June 19, 2018. Dowdye appeared at that hearing pro se, via video teleconference from Citrus County Detention Facility. At the conclusion of the hearing, the Court took the matter under advisement and granted relief by ordering the sentences on Counts VI, VII, and VIII be stayed. Dowdye's conviction for first degree murder and sentence remained undisturbed.

---

[3] Count I - First Degree Murder in violation of Title 14 V I C §§ 921 and 922(a)(1); Count II - Using a Dangerous Weapon During the Commission of First Degree Murder in violation of Title 14 VI C § 2251(a)(2)(B); Count III - Second Degree Murder in violation of Title 14 VI C §§ 921 and 922(1)); Count IV - Using a Dangerous Weapon During the Commission of Second Degree Murder in violation of Title 14 VI C § 2251(a)(2)(B); Count V- Attempted First Degree Murder in violation of Title 14 VI C §§ 921 and 922(a)(1); Count VI - Using a Dangerous Weapon During the Commission of an Attempted First Degree Murder in violation of Title 14 VI C § 2251(a)(2)(B); Count VII - First Degree Assault in violation of Title 14 VIC § 295(1); and Count VIII - Using a Dangerous Weapon During the Commission of First Degree Assault in violation of Title 14 V I C § 2251(a)(2)(B).

[4] *Dowdye v. People,* 60 V.I. 806, 809 (2014).

[5] *Dowdye v. People,* 55 V.I. 736 (2011).

[6] *Dowdye v. People,* 60 V.I. at 806, 810.

[7] *Dowdye v. People,* 60 V.I. 806, 817 (2014).

[8] *Dowdye v. Gov't of Virgin Islands,* No. ST-15-MC-93, 2018 WL 3996891, at *1 (V.I. Super. Ct. Aug. 13, 2018).

### III. LEGAL STANDARD

¶8     The Superior Court has jurisdiction "to issue writs of habeas corpus with respect to prisoners sentenced and confined by that court."[9] Pursuant to Virgin Islands Habeas Corpus Rule 2(a), "[a]ny person who believes he or she is unlawfully imprisoned or detained in custody, or confined under unlawful conditions, may file a petition for a writ of habeas corpus to seek review of the legality of that imprisonment or detention." Rule 2(a)(4) further states that a petition for a writ of habeas corpus must "set forth separately each ground on which the imprisonment or detention is alleged to be illegal and shall state the specific facts supporting each ground."[10] Specifically, a petition must satisfy the requirements of 5 V.I.C. § 1302, which provides:

(1) It shall specify that the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty and the officer or person by whom, and the place where, he is so confined or restrained, naming all the parties, if they are known, or describing them, if they are not known.

(2) If the imprisonment is alleged to be illegal, the petition shall state in what the alleged illegality consists.

(3) The petition shall be verified by the oath of the party making the application.[11]

¶9     The Supreme Court of the Virgin Islands has determined that the requirements of Section 1302 are non-jurisdictional and not fatal by themselves to an application for a writ of habeas corpus.[12] Unlike an appeal, the purpose of a writ of habeas corpus is "not to determine guilt or innocence, or to weigh the evidence submitted at trial, or to determine the strength of the prosecutor's case but to prevent manifest injustice."[13] Furthermore, in a habeas petition, the petitioner bears the burden of proving that his conviction is illegal.[14] "The rationale for this precept is that criminal proceedings usually may be presumed to have been proper and legal and, consequently, [Dowdye] must show that such a presumption is incorrect in his own case."[15]

¶10     When presented with a habeas petition, this Court "must first determine whether the petition states a *prima facie* case for relief—that is, whether it states facts that, if true, entitle the petitioner to relief—and also whether the stated claims are for any reason procedurally barred."[16]

---

[9] *Joseph v. de Castro*, 805 F. Supp. 1242 (D.V.I. 1992), *aff'd*, 28 V.I. 546; *see Parrott v. Virgin Islands*, 56 F. Supp. 2d 593 (D.V.I. 1999).
[10] Virgin Islands Habeas Corpus Rule 2(a)(4).
[11] 5 V.I.C. § 1302.
[12] *Rivera-Moreno v. Virgin Islands*, 61 V.I. 279, 300-01 (V.I. 2014) (holding that the verification requirement of 5 V.I.C. § 1302(3) is a claims processing-rule).
[13] *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 376 (V.I. 2013).
[14] *See Darr v. Burford*, 339 U.S. 200, 218 (1950); *Walker v. Johnston*, 312 U.S. 275, 286-87 (1941); *Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938).
[15] *See United States v. Hollis*, 569 F.2d 199, 205-206 (3d Cir. 1977).
[16] *Burke v. Herbert*, Super. Ct. Civ. No. SX-15-CV-518, 2017 WL 5502954, at * 1 (V.I. Super. Ct. Nov. 14, 2017) (unpublished) (quoting *Rivera-Morena v. Gov't of the Virgin Islands*, 61 V.I. 279, 311 (V.I. 2014).

A petitioner makes a *prima facie* case by stating "specific factual allegations which require habeas relief rather than mere conclusions of speculations."[17] "If the court determines that the petition does not state a *prima facie* case for relief or that the claims are all procedurally barred, the court will deny the petition outright."[18] However, if it appears that the writ ought to issue, the Superior Court shall grant the petition for writ of habeas corpus without delay.[19]

## IV. ANALYSIS

### a. Dowdye's claim that he was denied the right to a fair trial by an impartial jury is procedurally barred.

¶11    Under Virgin Islands law, a petition for writ of habeas corpus should be granted and the matter set for an evidentiary hearing on the merits if the petitioner has set forth a *prima facie* case for relief, and the petition is not procedurally barred. When a petition for such a writ merely repackages the same arguments that a court has already reviewed on direct appeal or in a previous writ, it is procedurally barred.[20] A petitioner may overcome an otherwise applicable procedural bar in seeking the writ if he can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.[21]

¶12    In this case, the Court finds that proffering logically opposite arguments in his Petition than those that were made on appeal is merely a "repackaging of the same arguments that [the] Court has already reviewed…and [therefore] is procedurally barred."[22] Specifically, Dowdye's appeal to the Supreme Court of the Virgin Islands concerned the *voir dire* procedure employed by the trial court and the removal of a juror prior to jury deliberations. On appeal, the Court rejected his argument that his right to a fair trial was violated because of extensive *voir dire* questioning of prospective jurors about their relationships with the Freemason organization, affiliated organizations, and members of both types of organizations.

¶13    The Supreme Court extensively addressed the candor of prospective jurors during *voir dire* and explained that given the facts of this case, the determination of juror deception or disingenuousness during *voir dire* should be made by the trial court. During the trial itself, Dowdye's attorney "immediately objected to the striking of a juror based solely upon his membership in an organization."[23] Yet, in his current Petition, Dowdye claims that "two (2) jurors met the criteria of being removed for cause or peremptory challenged [sic], but became jurors on

---

[17] *Woodrup v. Gov't of the Virgin Islands,* Super. Ct. Civ. No. ST-16-MC-47, 2018 V.I. LEXIS 64, at * 4 (V.I. Super. Ct. June 20, 2018) (quoting V.I. H.C.R. advisory committee's note) (unpublished).

[18] *Simon v. Mullgrav*, Super. Ct. Civ. No. SX-15-CV-278, 2018 V.I. LEXIS 97, at * 4 (V.I. Super. Ct. Sept. 19, 2018)

[19] *Id.* (quoting from *Rivera-Moreno v. Gov't of the Virgin Islands*, 61 VI. 279, 311 (V.I. 2014) (internal citations and quotations omitted).

[20] *Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 925 (2019)

[21] *Id.*

[22] *Simon v. Mullgrav*, Super. Ct. Civ. No. SX-15-CV-278, 2018 V.I. LEXIS 97, at * 4 (V.I. Super. Ct. Sept. 19, 2018).

[23] *Dowdye v. People*, 55 V.I. 736, 746 (2011).

the panel."[24] First, Dowdye claims that Juror #11 had significant concerns and issues of the Freemasons and that Juror #9 withheld information that her daughter was a victim of sexual assault. Dowdye failed to raise objections to jurors #9 and #11 at trial and the instant Petition fails to set forth any evidence of bias in jurors' responses to questions during *voir dire.* It is the obligation of the trial court to evaluate dishonesty during *voir dire* and the duty to pursue possible dishonesty "is determined by whether the alleged dishonesty is readily apparent, as gauged from the nature of the alleged deception."[25] So, even if this Court were to review Dowdye's claims on the merits, he has failed to establish a basis for relief.

¶14     The Supreme Court reviewed Dowdye's juror impartiality claims in two separate appeals. Although the Petition at issue includes arguments that have not directly been addressed on appeal, the Court finds that the matter of enquiring into an impartial jury has been exhaustively addressed. Dowdye first argued on appeal that his trial was unfair because a juror was removed before deliberations, yet now asserts that his trial was unfair because the Court did not remove a juror. "Under the same rationale of refusing to permit repetitive filings that would have the effect of overburdening the judicial system by re-litigating the same issues in subsequent petitions,"[26] the Court does not need to decide these issues again on the merits.

### b. The Court finds that Dowdye did not state a *prima facie* case of ineffective assistance of counsel.

¶15     To prevail on an ineffective assistance of counsel claim, Dowdye must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced Dowdye resulting in an unreliable or fundamentally unfair outcome in the proceeding.[27] In analyzing such a claim, the Court must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[28] When counsel's conduct is determined to fall outside reasonable professional assistance, the defendant must also prove that counsel's unprofessional errors prejudiced him resulting in an outcome that would have been different.[29] Typically, such a claim can only be made out by specifying particular errors of trial counsel, rather than vague assertions.

¶16     Dowdye claims the assistance of his trial counsel was ineffective for five main reasons: 1) counsel failed to remove two jurors for cause during *voir dire*; 2) counsel was deceptive "as to his involvement to being investigat[ed] for several unethical issues filed against him during representation;" 3) his counsel was dishonest to the Court when he requested an extension of time in order to obtain an expert witness but never produced one during trial; 4) "none of the in-chamber

---

[24] Petitioner's Writ of Habeas at 4.

[25] *Dowdye v. Virgin Islands,* 55 V.I. 736, 756.

[26] *George v. Wilson,* 59 V.I. 984, 992 (V.I. 2013) (affirming the Superior Court's decision to not decide on the merits an issue that was previously litigated on a habeas petition filed in the Superior Court).

[27] *Ibrahim v. Gov't of the V.I.,* S. Ct. Civ. No. 2007-76, 2008 WL 901503, at *2 (V.I. 2008) (unpublished) (citing *Strickland v. Washington,* 466 U.S. 688, 687-88 (1984)).

[28] *Suarez v. Gov't of the Virgin Islands*, 56 V.I. 754, 760 (V.I. 2012).

[29] *Id.*

hearings were discussed in depth;" and 5) "counsel failed to investigate (1) crime scene photos (2) evidence analysis of bed spread with appeared bullet-holes in same (3) bullet-holes in bed and address crucial evidence presented to the court and the jurors…."[30]

¶17    Dowdye's claims, if true, fail to establish that his trial counsel's performance fell below an objective standard of reasonableness and failed to show that the alleged deficient performance. prejudiced Dowdye, resulting in an unreliable or fundamentally unfair outcome in the proceeding.

¶18    Appellate courts "will find abuse of discretion only if the *voir dire* examination is 'so general that it does not adequately probe the possibility of prejudice.'"[31] Here, the Court has previously concluded that *voir dire* was conducted appropriately: "the trial court lamented that it had done "everything [it] could with respect to *voir dire* to weed out anyone that may be a Mason, and … there were several disclosures."[32] Dowdye did not meet the burden of placing sufficient evidence on the trial court record to show "a reasonable likelihood" that the jury could not be impartial.[33] Therefore, Counsel's conduct of deciding not to strike two jurors for cause during *voir dire* does not deem his professional performance below a level of reasonableness.

¶19    In addition to claiming that his attorney was ineffective for failing to strike potential jurors during *voir dire*, Dowdye argues that his counsel "displayed deceptive and disingenuous behaviors before and during …trial."[34] An attorney violates his duty to communicate with his client when he fails to disclose crucial information about the status of his case.[35] "Model Rules of Prof'l Conduct R. 1.1 provides that a lawyer shall provide competent representation to a client, with competent representation requiring the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. However, isolated acts of mere negligence, without more, will ordinarily not constitute a violation of Model Rule 1.1, even though they may potentially violate different ethical rules."[36] The Court finds that Dowdye's arguments pertaining to his attorney's communications of in-chamber proceedings and matters outside the scope of his case do not render his professional performance deficient. Even if counsel did not fully disclose all the contents of in-chamber conversations to Dowdye or failed to disclose outside matters unrelated to the status of the case to Dowdye, the Court would conclude that counsel's actions were, at most, isolated acts of mere negligence that did not render his assistance ineffective. Dowdye failed to show the Court how his counsel's behavior resulted in a fundamentally unfair outcome in the

---

[30] Petitioner's Writ of Habeas at 14.

[31] *Potter v. People*, 56 V.I. 779, 788 (2012) (citing *Waldorf v. Shuta*, 3 F.3d 705, 710 (3d Cir. 1993))

[32] (J.A. at 46, 56.) Dowdye v. People of the V.I., 55 V.I. 736, 747 (2011).

[33] *Potter v. People*, 56 V.I. 779, 788 (2012) (quoting *United States v. Moorhead*, 18 V.I. 431, 433 (D.V.I. 1981)) (noting that a defendant who raises a Sixth Amendment challenge to the partiality of the jury bears the burden of placing on the record sufficient evidence to show "a reasonable likelihood" that the jury cannot be fair)." Consequently, Potter gave the Court no reason to believe that the trial court abused its discretion when it decided not to strike the entire panel.

[34] Petitioner's Writ of Habeas at 9.

[35] *In re the Suspension of Maynard,* 68 V.I. 632, 652 (2018) (citing *Att'y Grievance Comm'n of Md. v. Hamilton,* 444 Md. 163, 118 A.3d 958, 970 (2015) (citing *Att'y Grievance Comm'n of Md. v. De La Paz,* 418 Md. 534, 16 A.3d 181, 193 (2011)).

[36] *In re Disbarment of Taylor*, 60 V.I. 356, 357 (2014).

proceeding.

¶20    Finally, an attorney's performance is only defective for failure to investigate or call a witness where the witness's testimony would have "provided a viable defense."[37] Indeed, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[38] "Where trial counsel may have had 'reason to believe that pursuing investigations would be fruitless or even harmful,' the decision not to investigate cannot 'later be challenged as unreasonable.'"[39] Therefore, Dowdye's counsel is not deemed ineffective for choosing not to introduce all of the crime scene photos, evidence of the bed spread with appeared bullet-holes, or bullet-holes in the bed. It is not the role of this Court to review strategic case theories of counsel. Here, the Court finds that the conduct of Dowdye's trial counsel was reasonable.

¶21    For the reasons stated above, Dowdye fails to satisfy the burden of proof for a *prima facie* case of ineffective assistance of counsel.

> c.    **Dowdye failed to establish either of the two elements required to prove prosecutorial misconduct based on a state's solicitation of, or failure to correct false evidence.**

¶22    To establish a due process violation based on a state's solicitation of, or failure to correct, false evidence, a defendant must show: (1) the falsity and materiality of testimony, and (2) prosecutor's knowledge of such falsity.[40] Before trial, a prosecutor has a duty to disclose exculpatory information.[41] A prosecutor's failure to do so, whether willful or inadvertent, violates the Due Process Clause if: 1) the evidence is favorable to the defendant, and 2) prejudice as resulted – meaning there is a reasonable probability that the result would have been different had the information been disclosed.[42]

¶23    Here, Dowdye argues that although the prosecutors at trial "dramatically expressed how the Petitioner fired five (5) bullets from his weapon…[they] never mentioned anything pertaining to two (2) bullet holes in the bed nor did they show that they existed."[43] Dowdye claims that the failure to introduce evidence of the trajectory of the bullets "is proof that the entire crime-scene was compromised…" because the jury was deprived "from being able to deliberate on the entire

---

[37] *Suarez*, 56 V.I. at 763–64.  (citing to *Carillo v. United States,* 995 F.Supp. 587, 591 (D.V.I.1998)).

[38] *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 691 (1984)).

[39] *Id.*

[40] *Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 925 (2019).

[41] *Williams v. People,* 59 V.I. 1024, 1039 (V.I.2013) (referencing *Brady v. Maryland,* 373 U.S. 83 (1963) "To prevail on a claim of a *Brady* violation "the defendant must show that the evidence was (1) suppressed [i.e. the people failed to disclose it], (2) favorable, and (3) material to the defense.")).

[42] *Id.*

[43] Petitioner's Writ of Habeas at 11-12.

facts of the case" and that he "was unable to present a accurate Defense and cross-examine mentioned expert witnesses about the inadequate theory of their investigations."[44]

¶24    The Court finds that the Dowdye failed to establish that a due process violation occurred by either of the elements required to prove prosecutorial misconduct. Dowdye is nominally arguing that the prosecutors should have introduced more evidence against him during trial. However, the introduction of such evidence neither would   have been favorable to Dowdye, nor would it have likely produced a different result in the outcome of his case. Dowdye failed to show the falsity and materiality of the evidence and failed to show that the prosecutors had knowledge of such falsity.

¶25    Additionally, Dowdye argues the prosecutors deceived the jury by the ways in which they presented evidence and questioned and impeached witnesses. However, Dowdye's disagreement with the prosecution's choice of case theory does not rise to the level of prosecutorial misconduct. Specifically, Dowdye takes issue with the testimony of the Government's expert witness, Mr. Micheal Neel. However, as previously stated, "'[a] motion for writ of habeas corpus is not the proper forum for challenging the credibility of witnesses.'"[45] "Any final determination regarding the believability of witnesses at trial and the weight to be accorded such testimony, is within the sole province of the jury." Therefore, Dowdye's challenge to the credibility of a trial witness does not state an adequate basis for habeas relief.[46]

## V.    CONCLUSION

¶26    Dowdye has not demonstrated that his conviction was illegal. Even in construing his argument liberally,[47] Dowdye failed to  assert *a prima facie* case that – if true – would entitle him to relief.[48]  His claim that he was denied the right to a fair trial by an impartial jury is procedurally barred because the Supreme Court has sufficiently addressed the issue on appeal. Dowdye also failed to meet his burden of stating a *prima facie* case for ineffective assistance of counsel. He neither sufficiently demonstrated that his trial counsel's performance fell below an objective standard of reasonableness, nor proved that a deficient performance prejudiced him to the extent of resulting in an unreliable or fundamentally unfair trial outcome. Lastly, Dowdye failed to establish either of the two elements required  to prove prosecutorial misconduct based on a state's solicitation of, or failure to correct false evidence.

Accordingly, it is hereby

**ORDERED** that Joel B. Dowdye's Petition for Writ of Habeas Corpus is **DENIED**; and it is further

---

[44] Petitioner's Writ of Habeas at 13.
[45] *Suarez*, 56 V.I. at 763–64 (citing to *Destin v. Gov't of the V.I.*, 2017 at *9).
[46] *Suarez*, 56 V.I. at 763–64
[47] *Appleton*, 61 V.I. 267.
[48] *Simon*, 2018 V.I. LEXIS 97, at * 3.

**ORDERED** that this matter is **CLOSED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be mailed to Petitioner Joel B. Dowdye, #14-3807, CC/Citrus County Detention Facility, 2604 West Woodland Ridge Drive, Lecanto, FL 34461, with the following notation on the envelope: **"LEGAL MAIL- please open in presence of inmate only";** and copy thereof directed to the Wynnie Testamark, Director of the Virgin Islands Bureau of Corrections and Attorney General Denise N. George.

DATED: 2/8/2021

                                           **DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA D. DONOVAN**
Court Clerk Supervisor   2 / 8 / 2021